W. T. FAIRCLOTH v. BARBARA M. ISLER and STEPHEN W. ISLER.

Where the issues tendered by a party relate to the evidence rather than the merits of the controversy, the Judge should not allow them to be submitted to the jury. He should explain the issues made by the pleadings.

Where a mortgagee sold land at public auction under the mortgage without any stipulation as to the character of the deed to be made to the purchaser, and mortgagee tendered deed warranting "such title as was conveyed by the mortgage deed, and no more," and purchaser offered to pay his bid upon delivery of a "proper deed" with further warranty, and thereupon mortgagee sold the land again ; *Held,* that instructions that plaintiff (purchaser at first sale) was entitled to a verdict were not improper, but in effect that there was no abandonment by the purchaser at first sale, and that the second sale was void.

Where vendor and vendee differ as to covenant acts, the former claiming that the latter should pay the money before delivery of the deed, and the vendee insisting that deed should first be delivered, specific performance would be decreed, and the only question would be as to costs.

When vendor makes contract of sale for his own benefit, his deed made in pursuance should contain a general warranty. A mortgagee offers generally to sell under the mortgage, or a trustee under a deed of trust, he can be required to covenant that he has done no act to affect or impair the title as it was at the time of the conveyance to him.

CIVIL ACTION for the specific performance of a contract to convey land, tried before SEYMOUR, J., and a jury, at January (special) Term, 1876, of the Superior Court of WAYNE.

The action was brought to Fall Term, 1874, and was before this Court at its June Term, 1875.

The following is a statement of the case as settled by his Honor :

On the 27th January, 1869, one Murphy mortgaged a certain tract of land to B. M. Isler, it being the same for which plaintiff demands deed from defendants. B. M. Isler, by virtue of a power of sale in said mortgage, advertised the land for sale for cash on the 10th July, 1874.

On the said day the land was put up for sale in accordance with the terms of the advertisement, at public auction by an auctioneer, who announced that the sale would be for cash. S. W. Isler admitted that he was the general agent of defendant, B. M. Isler, in Goldsboro.

The following evidence was given on the part of the plaintiff:

W. T. Faircloth testified : The land was advertised to be sold at public auction July 10th, 1874. Col. Baker was auctioneer. I bid it off at $2,605. As soon as is was knocked off, Mr. Isler said, I want my money. I said, I want my deed. He asked me if I had the money ready. I said, yes, in my office. I went to my office, waited awhile without seeing Isler, then went to dinner. Met Isler as I was going. He insisted upon my returning at once. So I came back to my office. I had the money in my safe and was about to pull it out, but first asked him for his deed. He took one out of his pocket and proposed to read it to me. I wanted to take it and read it myself. He declined to hand it to me, but said he would hold it and I could read it while in his hands. I declined to read it in that way, and he then said he would sell the land again. The money was in my office and I told him so. He walked off. Col. Baker was still at the place of sale. Isler told Baker to sell again. I gave notice that I had got the land and forbid the sale. Isler bid $1,000. No other bidder. It was knocked down to him. I then, on the same day, wrote a deed, now among the papers, and took the money, the amount of my bid, put it in Col. Baker's hands, and with the deed I had written went to see Mrs. Isler (B. M. Isler). Mrs. Isler wouldn't see us. We saw S. W. Isler. He said his mother couldn't make me a deed, as she had already made a deed to him. I said that I had prepared a proper deed. Isler offered to receipt for the money, but declined to give me any deed except the one he had offered me in my office. Am ready now and always

have been since I made the bid to pay the money upon the execution of a proper deed. The sale was an absolute one.

Col. Baker introduced the advertisement. Said the terms of sale were cash. No conditions. It was put up as land belonging to Mr. Murphy, and to be sold for cash.

The defendants offered in evidence a statement of Mr. Smith (appended as part of the case) which, by agreement of counsel, was to be received if competent. The Court excluded the proposed testimony. No other evidence was offered. The defendants' counsel tendered certain issues in writing (appended to the case.)

The Court then charged the jury that upon the evidence the plaintiff was entitled to a verdict. Verdict for plaintiff.

The defendant assigned the following errors:

1. His Honor erred in refusing to allow the jury to pass upon the issues tendered.

2. In excluding the statement of Mr. Smith.

3. His Honor erred in directing the jury to return a verdict for plaintiff.

The deeds prepared by defendants and plaintiff respectively and referred to above are both set out as part of the case. They both recite the mortgage from Murphy to B. M. Isler and advertisement and sale thereunder. The deed prepared by defendants contains the following clause of warranty: "And the said B. M. Isler doth warrant and defend such title as was conveyed to her by mortgage deed aforesaid from J. T. H. Murphy to B. M. Isler and no more, to the said W. T. Faircloth," &c. The deed prepared by plaintiff for Mrs. Isler to execute contains no warranty, but the *habendum* is in these words: "To have and to hold the said tract of land to the said W. T. Faircloth and his heirs and assigns, together with all the rights and privileges and appurtenances thereto belonging free from all demands, claims and incumbrances of the said B. M. Isler or her heirs."

The demand for judgment for the complaint was that defendant should execute to plaintiff " a proper fee-simple deed."

It was set up in the answers of the defendants that B. M. Isler had recovered judgment in 1857 against said Murphy for about $5,000, for which said land was bound, and that she did not propose by the sale under the mortgage (executed in 1869) to affect her rights under said judgment.

· The statement of Mr. Smith, referred to in the case, was signed by Geo. Green, Esq., attorney for defendants, and Smith & Strong, attorneys for plaintiff, and is as follows :

It is agreed, that at June Term, 1875, of the Supreme Court, the Chief Justice of said Court, in open Court, offered to direct that a deed, without warranty, against incumbrances prior to defendants' mortgage, and with special warranty against incumbrances, created by or in favor of defendants, since that date, be made by the defendants to the plaintiff, upon plaintiff paying into Court $2,605, which offer, after deliberation, the said plaintiff refused. If the above facts are incompetent or irrelevant, they are to be disposed of as the Court may think proper.

The issues tendered by the defendants for submission to the jury, set out as part of the case, were thirteen in number, as follows :

1. Did Stephen W. Isler, for Bell Isler, offer to deliver a certain deed, mentioned in the pleadings, marked X, upon the payment of twenty-six hundred and five dollars to W. T. Faircloth, the plaintiff ?

2. Did W. T. Faircloth accept of said deed ?

3. Did W. T. Faircloth, the plaintiff, refuse to pay the said twenty-six hundred and five dollars to Stephen W. Isler, for the defendant, B. M. Isler, and accept the said deed ?

4. After the refusal of the said W. T. Faircloth to pay the said $2,605, was he duly notified that there would be a second sale ?

5. Were the written notices filed in the pleadings of the sale to said S. W. Isler?

6. Has there any money been paid into Court for Bell Isler; if so, when and how much?

7. Did the plaintiff, W. T. Faircloth, have an opportunity in June, A. D. 1875, to pay the money into Court and accept a deed of qualified warranty?

8. Did plaintiff, W. T. Faircloth, in June, A. D. 1875, refuse to accept a deed of qualified warranty?

9. Did the plaintiff, W. T. Faircloth, refuse to pay the money and accept deed of qualified warranty in June, 1875?

10. Were the terms of said sale for cash?

11. When W. T. Faircloth offered to pay $2,605, was it upon condition that Bell Isler sign a certain deed, which contained covenants against all incumbrances that she had on the said land?

12. Is there an unsatisfied judgment against J. T. H. Murphy, rendered on 25th January, A. D. 1867?

13. When was the deed, offered by Bell Isler to W. T. Faircloth, deposited in the Clerk's office of Wayne county?

Upon the verdict of the jury, His Honor rendered judgment, that the Clerk prepare a deed, in fee simple, for execution by defendants to plaintiff, conveying the land to plaintiff free from all incumbrances of the defendants; that the same be signed and sealed by defendants, and that the Clerk deliver it to the plaintiff, upon payment into his office of $2,605, with interest from July 10th, 1874, for defendant, B. M. Isler, and that plaintiff recover costs. Defendants appealed.

*Smith, Strong & Smedes*, for plaintiff.
*Green*, for defendants.

PEARSON, C. J. The parties, not only on the day of sale but in the proceedings to bring the case up for judicial deter-

mination, allowed themselves to become and to continue to be so much excited as to lose sight of the merits of the case and pass off into immaterial details.

His Honor refused to allow the many detailed and immaterial issues tendered by the defendants relevant to the evidence and not to the merits of the case, to be submitted to the jury. In this there is no error. The issues tendered were calculated to confuse.

His Honor thereupon, as we suppose, being satisfied by the evidence and argument of counsel that " the merits of the case " were with the plaintiff, directed the jury to find a verdict, "all of the issues in favor of the plaintiff."

After his Honor had rejected the many issues presented by the defendants, he ought to have explained to the jury, What is the issue between the parties? He would then have " struck the nail on the head " by telling them, "Faircloth says he is entitled to a deed with *general warranty*; the defendants say the terms of sale do not stipulate for *any warranty*. Faircloth then brings this action in order to get a judgment that the defendants execute to him a *proper deed* on his paying his bid, so as to make specific performance of the contract of sale according to its legal effect. To this the defendants say, Faircloth, having refused to accept the deed which was tendered to him, is to be taken in law to have abandoned the contract, and Isler had a right to sell the land, and was discharged from the obligation of the first contract. I instruct you that, taking the evidence in the most favorable point of view for the defendants, there is nothing to show that the plaintiff had abandoned the right acquired by his having bought the land at the first sale, and that the second sale was of no legal effect as a matter of law."

This, in substance, is the charge of the Judge, and presents (so far as can be seen by the very defective " statement

of the case " and the argument at our bar) the merits of the controversy.

Suppose vendor and vendee differ as to which should trust the other in concurrent acts—" pay the money and here's your deed ;" or here is the deed, provided you hand me the money," and the Court is satisfied there is no other ground of contestation. Upon a case after it had been regularly constituted, the decree would be, for a specific performance, and the question who is to blame for giving rise to the litigation, would merely affect the cost.

In our case, there was a further difficulty : the plaintiff insisted upon a deed with *general warranty*. Mrs. Isler was only willing to execute a deed without *any warranty*; both parties were mistaken as to the legal effect of the contract of sale.

When one makes a contract of sale for his own benefit there is an implication from the nature of the transaction, that he will make a deed with general warranty. When a trustee makes a contract of sale, inasmuch as he is not acting for his own benefit, there is no implication that he will bind himself by a general warranty, but the implication from the nature of the transaction is, that he is to give a special warranty, that " he has done no act since the title vested in him to impair or affect it."

When a mortgagee with power of sale makes a contract of sale, without any stipulation as to a warranty of title or that there is no prior incumbrance, he is not professing when he advertises the property for sale to be doing an act for his own exclusive benefit ; but he says, " I hold the title to this land with a power of sale to secure a debt. I now offer to sell for the purpose of getting my money." So the idea that the title of the mortgagor was to be warranted to be free of incumbrance, could not have been entertained by the plaintiff when he bid at the auction. If he had such

a notion, as soon as he saw from the advertisement that Mrs. Isler had not offered the land for sale " free of incumbrance " he would have become satisfied that he was under a mistake.

The case is narrowed to this : " Does the proposal of sale, to-wit, the advertisement, exempt the vendor from a covenant, that she had done no act to affect or impair the title as it was at the time it passed to her ?"

Classing the case of a sale by a mortgagee under a power of sale, with a sale by a trustee, Mrs. Isler was bound to execute a deed with covenants that she had done no act to affect or impair the title as it was at the time of the execution of the mortgage.

The judgment is affirmed with this modification : S. W. Isler will execute a deed to B. M. Isler reconveying the legal title, and B. M. Isler will then execute a deed to plaintiff in fee (to be approved of by the Clerk), with a covenant that she has done no act to impair or affect the title as it was at the date of the mortgage, and with the further modification, " each party to pay his own cost."

PER CURIAM.                    Judgment accordingly.