## JULIA WEST v. R. J. WEST.

### *Damages — Warranty.*

1. The measure of damages in an action for breach of a covenant for quiet enjoyment, is the amount of the purchase money. When nothing is paid as the price of the land, the damages are nominal.

2. *Therefore,* where A purchased land from B and borrowed part of the purchase money from C who took a deed with general warranty from B in trust to secure the payment of the sum loaned A; and thereafter A paid the same to C and took from him a deed with general warranty; and afterwards A is evicted by title paramount and brings an action against C for damages. *Held* that A is entitled to recover only nominal damages.

(*Faircloth* v. *Isler*, 75 N. C. 551; *Williams* v. *Beeman*, 2 Dev., 483; *Markland* v. *Crump*, 1 D. & B. 94, and *Grist* v. *Hodges*, 3 Dev. 198, cited and approved.)

CIVIL ACTION, for damages tried at Fall Term, 1876, of ROWAN Superior Court, before *Cloud, J.*

The plaintiff alleged that in October, 1870, she purchased a house and lot in Salisbury of the defendant and took from him a deed with full covenants of warranty; that afterwards one Delane, claiming title thereto, brought an action and

evicted her by title paramount; that by reason thereof she was damaged to the amount of $700.

The defendant denied that Delane had any title to the premises before or since the execution of his deed to plaintiff; and the evidence tended to show that prior to July, 1869, the plaintiff negotiated with one Henry Cox for the purchase of said premises at the price of $700, which was paid by plaintiff; that to make up said amount plaintiff borrowed $200· of defendant, and it was agreed that Cox should execute the deed to defendant to secure the $200, and upon payment of the same the defendant should make a quit claim deed to plaintiff. On the 10th of October, 1870, said sum was paid and a deed executed in pursuance of said agreement; that covenants of general warranty were inadvertently inserted in the deed (a printed form being used) contrary to an express understanding of the parties; that the only object of the defendant was to pass the legal title on payment of the money. Under the instructions of the Court, the jury rendered a verdict in favor of plaintiff for $700 and interest.

Rule for new trial. Rule discharged. Judgment. Appeal by defendant.

*Mr. J. M. McCorkle*, for the plaintiff.
*Mr. W. H Bailey*, for the defendant.

PEARSON, C. J.   Let it be granted that the plaintiff was evicted by title paramount, still she was not entitled to recover upon the warranty, or at most she was only entitled to nominal damages. Her remedy as assignee of the estate was against Cox, to whom she paid the money.

The evidence tended to show this state of facts: plaintiff bought the house and lot from Cox and paid him the price $700.· To make up this amount she borrowed of the defendant $200. Cox thereupon makes the deed to the defendant

with general warranty, who held the title in trust to secure the payment of the $200 and was then to convey to the plaintiff. The $200 was paid by the plaintiff, and the defendant executed to her a deed for the house and lot. This deed contains a general warranty instead of a special warranty against the acts of the defendant.

When a mortgagee re-conveys on payment of the money, he is only required to make a special warranty. *Faircloth* v. *Isler*, 75 N. C., 551.

The defendant held the title as security for the $200 that he had lent the plaintiff to enable her to pay for the land; so, when he made the deed to plaintiff, he occupied the relation of mortgagee, and was only bound to make a special warranty. It is manifest that the insertion of a general warranty was outside of what the plaintiff had a right to require, and was put there by the ignorance of the drafts-man, or probably as is suggested in the answer, because the parties used a *printed form* of deed and did not advert to the distinction.

Under these circumstances, the defendant had a plain equity to have the deed reformed; and it is difficult to conceive how the plaintiff could have the face to attempt to hold him liable for a defect in the title with which he had no concern, he having received no part of the price paid by her and being in no wise benefitted by the transaction, save perhaps the interest of the money which he had lent to her.

If the aid of equity be not invoked to reform the deed, the plaintiff upon well settled principles, is only entitled to recover nominal damage for breach of the covenant of quiet enjoyment. Under the old warranty, treated as a covenant real, the tenant or vouchee, on writ of *warrantia chartæ* in case of eviction by title paramount, recovered "other land of equal value." In analogy to this principle, when the warranty, (after the action of ejectment took the place of the real actions) was treated as a personal covenant of quiet en-

joyment sounding in damages, the measure of damages was fixed to be the amount of the purchase money ; taking that to be the value of the land at the date of the conveyance, agreed on by the parties. *Williams* v. *Beeman*, 2 Dev., 483; *Markland* v. *Crump*, 1 D. & B., 94 ; *Grist* v. *Hodges*, 3 Dev., 198.

Taking this to be the rule ; if nothing was paid as the price of the land, the damage for breach of covenant of quiet enjoyment, would be nominal.

Suppose a father makes a deed to his son with general warranty for a tract of land, setting out "one dollar in hand paid," or setting out that the deed is made for "natural love," and the son is evicted by title paramount, the idea that the son could recover the value of the land, in an action against the father, would be of "the first impression."

The son as assignee of the estate to which the covenant was annexed, could recover upon the warranty in the deed to his father, but he could not in an action against his father recover more than nominal damage, even if he could recover that ; he had paid nothing to his father for the land.

In our case, the plaintiff had paid nothing to the defendant for the land ; the suggestion that she had paid him the interest on the $200 lent, is of no weight ; upon that idea the measure of the plaintiff's damage should be the interest on $200.

We are not called on to decide this point, but it seems to us that the interest was not paid as a part of the price, but for the use of the $200.

Error.

PER CURIAM.                                    *Venire de novo.*