* WILLIAM T. FAIRCLOTH v. S. W. ISLER and B. M. ISLER.

*Supreme Court.— Orders.— Rules.*

1. Where no specific time is designated for compliance with an order of this Court. it will always, before any ulterior proceedings are allowed, fix a time certain, at or upon which the order shall be obeyed.

2. It is contrary to the rules and course of this Court, without a special order, to issue a certificate of any opinion or judgment in term time.

CIVIL ACTION for specific performance of a contract, (see 75 N. C., 551,) in which the defendants appeal from an order made at Fall Term, 1876, of WAYNE Superior Court, by *Seymour, J.*

The order of His Honor was made on its appearing that plaintiff had deposited in the office of the Clerk, for the use of defendants, the purchase money for the premises in suit ; and it required the defendants to execute deeds, to be apapproved of by the Clerk, to the plaintiff; and that thereupon the Clerk should pay over the purchase money to the defendants. When the plaintiff applied for the order to compel defendants to deliver the deeds, the defendant S. W. Isler filed an affidavit in regard to certain dates, which are sufficiently stated in the opinion of this Court, and insisted that the plaintiff had not complied with the judgment of the Supreme Court within a reasonable time. Appeal by defendants.

*Messrs. Smith & Strong* and *H. F. Grainger*, for plaintiff. *Mr. S. W. Isler*, for defendants.

BYNUM, J.   At the June Term, 1876, this Court modified and affirmed the judgment of the Court below in this case,

---

* Faircloth J. did not sit at the hearing of this case.

75 N. C , 551. By that judgment the execution and delivery of the deeds of the defendants and the payment of the purchase money by the plaintiff were to be concurrent acts. The judgment of this Court was regularly certified to the Court below, on the 31st of August, 1876. No deeds were executed or tendered by the defendants, subsequent to or in pursuance of this certified judgment of the Supreme Court The plaintiff thereupon, on the 9th of October, 1876, paid the purchase money into the office of the Clerk of the Court, to the use of the defendants, on their compliance with the order of the Court, and they had due notice thereof.

The deeds not yet having been executed, the plaintiff at Fall Term, 1876, moved the Court below to order the defendants to execute the deeds pursuant to the judgment of the Supreme Court. The Court accordingly ordered the defendants to execute the deeds on or before the 11th of November, 1876, and that the plaintiff, at the same time, should pay them the purchase money, then in the office for their use, being the same bid for the land and the accrued interest. From this order the defendants appealed

They now contend here, that the purchase money was not paid within a reasonable time after the judgment and order of this Court, and by consequence, that the sale and purchase of the land should be annulled and cancelled. We know of no authority for such a contention. The sale has been confirmed by the solemn adjudication of this Court, and it will never allow its judgments to be evaded or made of no effect in this way. It will always, before any ulterior proceedings are allowed, fix a time certain, at or upon which, the order of the Court shall be obeyed. That is precisely what was done by His Honor in the Court below. It was the fault of the defendants, of which they can take no advantage, that the money has not been received by them, for by the order of this Court, the money was to be paid on the due execu tion of the deeds. The defendants held back, and they still

Fairclotii v. Is..er.

,refuse to make the deeds. They will not entitle themselves to the money until they perform their part of the order.

But the defendants insist that prior to the 31st of August, and prior to the adjournment of the Supreme Court, they procured from the Clerk of that Court, a certified copy of its opinion rendered in the case, and in pursuance of it, executed and tendered the deeds, which the plaintiff declined to receive. The Clerk of this Court however inadvertently certified the said opinion, as it is against the rules and course of the Court, without a special order, to issue a certificate either of its opinion or judgment in term time. The plaintiff in courtesy to the defendants, might have acted on this certificate, but it would have been at his own risk. He was under no legal obligation to do so until it was regularly certified. For all the proceedings of the Court are *in fieri*, subject to be amended, modified or annulled, until the expiration of the term, at which period, in legal contemplation, all the judgments of the Court are delivered.

There is no error.

Per Curiam.                                     Judgment affirmed.