MAY MURRILL and others v. D. A. HUMPHREY and wife.

*Practice -- Records of a Court -- Amendment of.*

1. In a motion to amend the records of a Court the facts found by His Honor below are conclusive upon this Court.

2. Upon such motion strict proof will be required, particularly when the rights of minors are involved.

MOTION by defendants to restore and amend the Record of the late Court of Equity, heard at Spring Term, 1876, of ONSLOW Superior Court, before *McKoy, J.*

The original proceeding upon which this motion was based was a petition filed by one A. J. Murrill, wife and others, in the late Court of Equity of said County, asking for the sale and partition of certain lands known as the "Ambrose lands"

In answer to a writ of *Certiorari* issued by this Court, His Honor made return substantially as follows:

This was a motion made before the Clerk of the Superior Court of Onslow County to set up lost records as stated in transcript, and among them to have a certain paper writing (written in pencil) set up and declared to be a record of said Court of Equity. The following is a copy of said paper writing:

"A. J. Murrill, wife and others, Spring Term, 1855. It appearing to the Court that the bonds taken for the purchase money have been paid to the guardian and other parties interested under the orders in this cause; *It is ordered,* that Jasper Etheridge, the Commissioner named, make title to the purchaser of said land."

The motion was allowed by the Clerk and the plaintiffs appealed to the Superior Court where trial b jury was waived by the parties and His Honor found the following facts:

MURRILL *v.* HUMPHREY.

1. That the writings set out by the defendants in the transcript which were stated to be the records of said Court were made and filed as alleged and that said pencil writing was written by George S. Attmore, Attorney for petitioners and found among the papers in the cause.

2. There is no satisfactory evidence that said writing was ever submitted to said Court of Equity, or sanctioned by it, or that its enrolment had been ordered by it.

3. The bonds given for the purchase money mentioned in said writing were never paid to the guardian, but remain in the hands of the Commissioner, Jasper Etheridge, and have never been paid.

4. One witness testified that "he saw all the orders recorded in a book and that they were all regular," but the Court found upon such testimony (not stating *what* was seen recorded &c.) there was no evidence that such a record ever existed.

5. Said A. J. Murrill was one of the petitioners in right of his wife; was Clerk and Master in Equity; purchased the land at the sale, and afterwards became guardian of the infant petitioners.

6. Petition was filed in 1851 and no title made until 1869; notes for purchase money worthless; there was no decree confirming the sale or ordering title to be made.

His Honor was of the opinion upon the facts in this case that strict proof should be had before the rights of the plaintiffs (minors) could be taken away or even endangered, and adjudged that the motion be refused. Judgment against defendants for costs. Appeal by defendants.

*Messrs. Smith & Strong*, for plaintiffs.
*Mr. A. G. Hubbard*, for defendants.

BYNUM, J. The findings of fact by His Honor below are conclusive upon this Court and we are precluded from any

inquiry into their correctness; and if we were not the evidence satisfies us that the facts have been truly found.

We also concur with His Honor in his conclusions of law and for the reasons stated by him.

There is no error.

PER CURIAM.                    Judgment affirmed.