W. G. N. STRICKLAND et al. v. C. M. J. STRICKLAND, Adm'r of
F. W. STRICKLAND.

*Amendment—Judgment—Record.*

If by the inadvertence of the Court, or of any one acting for it, the
judgment entered, or record made, is not in conformity to that pro-
nounced or ordered, the Court may at any time, upon the application
of any person in interest, or *ex mero motu,* correct it so that it shall
truly express the action of the Court. This jurisdiction is distinct
from that conferred by §274 of *The Code,* which provides a remedy
for relief against excusable mistake, &c., of *parties* to the action.

(*Leak* v. *Covington,* 83 N. C., 144, cited and approved ; and *Ruffin* v.
*Harrison,* 91 N. C., 399 distinguished.)

MOTION to correct a judgment, heard before *Philips, Judge,*
at Chambers, in Greenville, PITT county, on the 17th of June,
1886.

This was a special proceeding, brought by the plaintiffs as
next of kin, of F. K. W. Strickland, deceased, to obtain an
account and settlement of his estate in the hands of the
defendant, his administrator.

Proper pleadings were filed, and an account was taken
and stated by the Clerk, from which it appeared that a note
for $525, due January 3d, 1858, against the plaintiff, W. G.
N. Strickland, passed into the hands of the defendant as part
of the effects of his intestate—that the latter had never duly
accounted for same, and was properly chargeable there-
with, and he was so charged in the account.

In rendering the final judgment of distribution, although
the said W. G. N. Strickland had not paid and discharged
his indebtedness on account of the note mentioned, and he
still owed the same, and his indebtedness was much larger
than his distributive share, by inadvertence of counsel in
preparing the judgment for entry, it was directed that the

defendant pay to him his distributive share, $302.82, when it was really intended by the Court that no such judgment as to him should be entered.

After the lapse of more than a year next after its entry, the plaintiffs, other than W. G. N. Strickland and the defendant, moved, upon proper notice, before the Clerk of the Court, to correct the error thus existing, by modifying the judgment so as to strike out so much thereof as directed the defendant to pay to the said W. G. N. Strickland, the said sum of $302.82, and thus make it what the Court intended it should be, and what it appeared it ought to be.

The plaintiff, W. G. N. Strickland, contended that the judgment could not be thus corrected. The clerk, however, allowed the motion and made the correction, and W. G. N. Strickland appealed to the Judge at Chambers.

At Chambers, the Judge filed a brief opinion, whereof the following is a copy, and gave judgment reversing the order and correction made by the clerk, from which the plaintiffs, other than W. G. N. Strickland and the defendant, appealed to this Court:

"The Court is of opinion that the judgment entered in the Probate Court on the 7th October, 1884, between the same parties, was final.

"That the relief sought by these proceedings is provided for in section 274 of *The Code*, and that not having been begun within a year after the entry of said judgment, it is now too late. Any other relief save that provided in the section named, must be sought in an independent action, and not by motion in the cause as is adopted here. *Ruffin* v. *Harrison*, 91 at 399."

*Mr. Jacob Battle*, for the appellants.
No counsel for the appellees.

MERRIMON, J., (after stating the case). It seems to us clear, that the Judge misapprehended the nature and pur-

pose of the motion. It was not a motion to "relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect," nor to correct an erroneous judgment properly so denominated, nor to correct or set aside a judgment for irregularity in the course of the action, commonly called an irregular judgment, but to correct a mistake of the Court made by its inadvertence, occasioned by the inadvertence of counsel in preferring the judgment for entry. There was no mistake of law or fact in the proceedings leading to and upon which it rested—the grounds of it had been properly settled as to the law and fact, as appeared in and by the record—there was simply a mistake in the entry—the Court did not enter the judgment it intended to enter, nor that authorized by what appeared in the record.

Such errors may be corrected at any time, and after a long while, upon motion, or the Court may and ought to correct them *ex mero motu* as soon as it sees them. This is necessary and proper, to the end the record shall speak the truth. The object is to make the record show what the Court, in fact, resolved, intended, and in contemplation of law, did.

This in no wise conflicts with the case of *Ruffin* v. *Harrison*, 91 N. C., 399, cited by the Judge. The motion in that case was practically and in effect to obtain a *rehearing* of a matter that had been settled in the action by the Court. In it he said, "This, of course, does not imply that the Court has not power to correct the entry of its orders, judgments and decrees, so as to make them conform to the truth of what the Court did in granting them, or to set aside an irregular judgment in a proper case." The exercise of such power is essential, and it is warranted by the practice in all Courts. *Leak* v. *Covington*, 83 N. C., 144.

There is error. The judgment of the Judge must be reversed, with instructions to affirm that of the Clerk. To

that end, let this opinion be certified to the Superior Court according to law. It is so ordered.

Error.                                                    Reversed.