STATE v. J. R. WARREN.

*Amendment of Record—Recognizance.*

Courts have the power at any time in their discretion, to amend and correct their records *nunc pro tunc,* so that they shall speak the truth; and neither the findings of fact by them, nor the exercise of their discretion, are reviewable upon appeal.

(*Parsons* v. *McBride,* 4 Jones, 99; *State* v. *McAlpine,* 4 Ired., 140; *Ashe* v. *Streator,* 8 Jones, 256; *State* v. *King,* 5 Ired., 203; *Murrill* v. *Humphrey,* 76 N. C., 414; *Wade* v. *Odeneal,* 3 Dev., 423; *Pendleton* v. *Pendleton,* 2 Jones, 135; *Peterson* v. *Van,* 83 N. C., 118; *Bagley* v. *Wood,* 12 Ired., 90; *Lippard* v. *Roseman,* 72 N. C., 427; cited and approved).

MOTION for judgment upon forfeited recognizance and to amend record, heard before *Philips, Judge,* at October Criminal Term, 1886, of WAKE Superior Court.

This was a *scire facias* issued by the State against the defendant as bail of one Keith to show cause why the State should not have judgment against him for one hundred dollars, due by a recognizance entered into by said Keith at July Term, 1886, of Wake Superior Court, in which he had made default.

The defendants resisted a judgment upon a *scire facias* upon the grounds hereinafter set forth in affidavits, of himself and others, and His Honor found the following facts: At the September Term of the Superior Court of Wake one Keith was put on trial of indictment then pending against him which resulted in a mistrial; the said Keith was then recognized with the defendant as his surety to appear on the ensuing Thursday, which was in the first week of the term; on Friday the solicitor obtained leave to send a new bill, which was done, and returned a true bill. On the next day—being Saturday of the first week of the term—Keith was called, and failing to answer, a judgment *nisi* was en-

tered against him and his surety, the defendant. On Friday of the second week the case was again called for trial and Keith| failing again to answer, a capias was ordered to be issued against him, which was returned to the October Term of said Court, "Not to be found." The clerk took the recognizance of Keith and the defendant Warren in the usual form, "That the said Keith should appear on Thursday and not depart the Court without leave." The defendant having insisted and offered affidavits of himself and others to the effect that the recognizance was not that Keith should not depart the Court without leave, but that he should not depart the Court on Thursday without leave of the Court first had and obtained, and the said Keith complied with the recognizance by remaining in Court all that day, and the minutes of the said July Term, 1886, read : "Defendant and J. R. Warren recognized in the sum of $100 to appear on Thursday, July 15th, 1886." Thereupon, on motion of the Solicitor, it was ordered by the Court that the record of the July Term of the Court be amended *nunc pro tunc*, by adding to the entry already made, which set forth the recognizance already taken, the words, "and that he do not depart the Court without leave of the same first had and obtained."

On motion of the Solicitor, judgment absolute was rendered against the defendant, from which he appealed.

*Attorney-General*, for the State.
*Mr. J. C. L. Harris*, for the defendant.

ASHE, J. (after stating the facts as above). We find no error in the judgment of the Superior Court. There are no exceptions taken below to the amendment of the record as ordered by the Court, and if there had been, it would not have availed the defendant. The Court in ordering the amendment exercised a power which is incident to every court of record. Every court has power to amend its own

records so as to make them speak the truth; *Parson* v. *Mc-Bride,* 4 Jones, 99; *State* v. *McAlpine,* 4 Ired., 140; *Ashe* v. *Streator,* 8 Jones, 256; and this power may be exercised at any subsequent retm of the Court. And when exercised, the record stands as if it never had been defective. In *State* v. *King,* 5 Ired., 203; this Court held that a Court had the right to amend the records of any preceding term by_inserting what has been omitted, either by the act of the Clerk or of the Court; and a record so amended stands as if it had never been defective, or as if the entry had been made at the proper time. The recognizance taken by the Clerk in this case, as was found by his Honor, was in the usual form, that the defendant should appear on Thursday and not depart the Court without leave, and we must take this to be the true record, for in a matter of this nature when a motion is made to amend the records, the facts found by his Honor are conclusive upon this Court; *Murrill* v. *Humphrey,* 76 N. C., 414; and if the entry on the docket was different it was perfectly competent for his Honor to order the minutes to be so amended as to make them conform to the truth, and when so amended the entry stands as if it had been so originally recorded; it is made the record which imports absolute verity and cannot be explained by parol testimony; *Wade* v. *Odeneal,* 3 Dev., 423. In this view of the case, there was no error. But where, as the entries of the Clerk upon the minutes are loose and imperfect, it is in the discretionary power of the Court to order an amendment by drawing them up and entering them in proper form, and when the Court acts in such discretion, its discretion cannot be reviewed in this Court. *Pendleton* v. *Pendleton,* 2 Jones, 135; *Peterson* v. *Van,* 83 N. C., 118. The power to amend lies entirely in the discretion of the Court; *Bagley* v. *Wood,* 12 Ired., 90; and when an amendment lies within the discretion of the presiding Judge of the Superior Court, this Court will not review the exercise of this discretion. *Lippard* v. *Roseman,* 72 N. C., 427.

There is no error, and the judgment of the Superior Court is affirmed.

No error. Affirmed.