JACOB COOK v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 7 April, 1909.)

**Power of Court—Pleadings—Amendments—Discretionary Power— Findings—Record.**

> When it appears that a cause was entered as continued by consent for the term by the judge at a former term, in the absence of counsel in the case, by mistake of the judge, the court thereafter, at the same term, had the power and discretion to allow defendant to amend his answer and set up a further defense arising under the contract sued on. The discretionary power of the court to allow amendments to pleadings in term, when matters are *in fieri*, discussed by WALKER, J.

APPEAL from order of *E. B. Jones, J.*, entered at September Term, 1908, of ALAMANCE, by defendant.

*Morehead & Sapp* for plaintiff.
*King & Kimball* for defendant.

WALKER, J. This action was brought to recover damages for the negligent failure of the defendant to deliver a telegram. The plaintiff filed his complaint 2 August, 1906, and the defendant

filed its answer, which contained a general denial of the allegations of the complaint, on 15 September, 1906. At a special term of the Superior Court, held in July, 1907, it appeared from the minutes, the cause was continued by consent on 16 July, 1907, but the court finds as a fact that counsel were not present at the time and that the defendant's counsel did not know of the entry until September Term, 1908. On 23 July, 1907, during the second week of the special term, the court made an order allowing the defendant to amend its answer by averring that the plaintiff had not presented his claim within sixty days after the message was filed with the company, which, by the terms of the contract between it and the plaintiff, exonerates the defendant from liability for the alleged act of negligence. The amendment to the answer was filed on 6 August, 1907. The plaintiff first learned at September Term, 1907, that the order for the amendment had been made, and that the amended answer had been filed, but did not move at that term to strike out the order or the amendment of the answer, but did move, at March Term, 1908, to strike out the amendment. The motion was continued from time to time, and heard at September Term, 1908, when the judge then presiding ordered that the amendment be stricken out. Defendant excepted and appealed. In *Gwinn v. Parker,* 119 N. C., 19, it appeared that the plaintiff had filed his complaint, and judgment by default, for want of an answer, was entered. During the same term the court set aside the judgment and allowed the defendant to answer. This Court, holding that there was no error, declared it to be the settled rule that any order or decree is, during the term, *in fieri,* and the court, during the same term, can vacate or modify it, and that the court has the discretion to enlarge the time for filing pleadings. To the same effect is *Halyburton v. Carson,* 80 N. C., 16, in which *Ashe, J.,* says: "It is familiar learning that all the proceedings of a court of record are *in fieri*—under the absolute control of the judge, subject to be amended, modified or annulled at any time before the expiration of the term in which they are had or done." *Faircloth v. Isler,* 76 N. C., 49; *Dick v. Dickson,* 63 N. C., 488; *Sneed v. Lee,* 14 N. C., 364. In *Penny v. Smith,* 61 N. C., 35, *Pearson, C. J.,* for the Court, said: "The

motion to dismiss the appeal, upon the ground that the county court had no power to amend the petition after dismissing it and granting an appeal to the Superior Court, was put on the ground that the court was *functus officio* in respect to the case, and had no further control over it. In this the counsel for the defendant is mistaken. The proceedings of the court are *in fieri* until the expiration of the term, and until then the record remains under the control of the court. It may strike out the judgment and enter a different one; it may amend the pleadings and do any other act necessary to effect the purposes of justice— and this as well after as before what purports to be a final judgment has been entered. In other words, the court has the whole term during which to consider of its action, and any entry made on a former day does not affect its power on a subsequent day. It is every day's practice in the Superior Courts to allow the writ to be amended by entering a larger sum, or, in ejectment, to extend the time of the demise; and these amendments are usually applied for and allowed after judgment has been entered and an appeal taken." But we need not and do not rest our decision upon the ground stated in the cases cited, for it appears in this case sufficiently by the findings of fact that the order continuing the case by consent was entered by mistake. That is the substantial meaning and effect of the findings. It follows, of course, that the court had the power and the discretion to allow an amendment of the answer and permit the defendant to set out as defensive matter the terms of the contract between the parties.

It is unnecessary to consider the other reasons assigned by the defendant's counsel for reversing the order of the court.

Reversed.