NASH COUNTY, a BODY POLITIC AND CORPORATE, v. S. R. ALLEN AND J. M. ALLEN.

(Filed 2 March, 1955.)

**1. Process § 6—**

Where service of summons is made by publication, the requirements of the statute must be strictly followed and everything necessary to dispense with personal service of summons must appear by affidavit.

**2. Same—**

An affidavit for service of summons by publication is fatally defective when it fails to allege that the person upon whom the summons is so served cannot, after due diligence, be found within the State.

**3. Judgments § 27b: Taxation § 40g—**

Where service of summons by publication in a tax foreclosure is fatally defective for failure of the affidavit to allege that the defendant cannot, after due diligence, be found within the State, the court acquires no jurisdiction over the person of defendant and the interlocutory order and decree of confirmation are void.

APPEAL by plaintiff and the interpleaders, Madeline D. Bobbitt and R. R. Davis, from *Carr, J.,* at December Term 1954, of NASH.

Civil action, in the nature of an action to foreclose a mortgage, to foreclose tax liens upon certain lands described in the complaint for unpaid taxes, duly and lawfully listed and assessed by plaintiff for the years 1931 to 1939, both inclusive, which with costs, penalties and interest amounts to $127.25.

The record on this appeal discloses (1) a purported judgment roll in the above entitled civil action beginning with summons dated 29 November, 1939, and culminating with final judgment dated Monday, 23 Sep-

tember, 1940, confirming sale of the lands by commissioners appointed by the court, to Nash County as the last and highest bidder therefor, and ordering commissioners to execute and deliver to Nash County a deed in fee simple for said land;

(2) A deed dated 25 September, 1940, from the commissioners purporting to convey the land referred to in last preceding paragraph to Nash County, purporting to have been executed and delivered pursuant to the final judgment of the court as aforesaid;

(3) A deed dated 11 June, 1941, from Nash County to W. N. Bobbitt and wife, Madeline B. Bobbitt, purporting to convey the same land;

(4) A deed, dated 25 February, 1947, from Mrs. Madeline B. Bobbitt purporting to convey to the Warrenton Box and Lumber Company of Warren County, N. C., certain timber on the land described in the purported deed to her from Nash County as aforesaid; and

(5) A deed, dated 25 February, 1947, from Mrs. Madeline B. Bobbitt, widow, purporting to convey to R. R. Davis the land, excepting the timber purported to have been conveyed to the Warrenton Box and Lumber Company as above stated.

The record also discloses that defendant S. R. Allen, by motion "verified 2-6-54" entered a special appearance in the above entitled action, and moved "the court to declare null and void, and set aside the purported interlocutory order in this cause, . . . the purported confirmation of the sale of the land described in the complaint herein, and the purported deed executed by commissioners appointed in said judgment . . . for that, S. R. Allen was not made a party to said action in that no summons was served on him either by personal service or by publication and as grounds therefor respectfully shows to the court":

"1. That the movant S. R. Allen is the owner of the lands described in the complaint herein by virtue of a deed recorded in Nash County Registry, Book 200, page 178.

"2. That movant S. R. Allen is now, and all his life has been, a resident of Franklin County, North Carolina, and was at the time of the beginning of this action living within twenty-five miles of Nashville, the County Seat of Nash County, and plaintiff knew or could have ascertained by reference to said deed that this movant was a resident of Franklin County.

"3. That no summons in this action was ever personally served upon said S. R. Allen, and he had no knowledge that his said land had attempted to be sold under an order of court until on or about the 4th day of January 1954.

"4. That the affidavit supporting the application for service of summons by publication in this action is defective and the order of publication made herein is null and void, in that—the statute providing for

service of summons by publication was not strictly complied with as said affidavit fails to state that movant, S. R. Allen, could not after due diligence be found in the State of North Carolina.

"5. That the summons purported to be issued in this action is defective and void, for that—same was not signed in the name of the Clerk of the Superior Court of Nash County.

"6. That the lands described in the complaint herein having been listed in the name of J. M. Allen, movant was not notified that any taxes were due thereon, but movant is willing, ready and able to pay any taxes which may be due on said land, and hereby offers to pay same upon the setting aside of the said judgment, confirmatory decree and deeds executed in consequence thereof.

"7. That at the purported sale of the land described in the petition, the plaintiff, Nash County, became the last and highest bidder at the price of $125.00, which was an unreasonably low price for same, as the fair market value of same at the time of said purported sale was more than $2,000.00, and if the said sale is allowed to stand S. R. Allen will be irreparably damaged."

Mrs. Madeline D. Bobbitt (manifestly the same person as Mrs. Madeline B. Bobbitt) and R. R. Davis came into court and filed separate answers to the motion of S. R. Allen, so made on special appearance, and denied in material aspect the matters therein set forth, and pleaded statutes of limitation. And the plaintiff also filed answer in which it adopted the answer of Mrs. Madeline D. Bobbitt.

And the record contains a deed dated 25 January, 1936, from F. H. Allen and wife to S. R. Allen purporting to convey among other the land the subject of this action.

The cause coming on for hearing before the Clerk of Superior Court of Nash County on 19 April, 1954, upon the motion of S. R. Allen, made under special appearance, the Clerk found facts accordant with facts set forth in the verified motion, and, thereupon, on 22 February; 1954, entered judgment granting the relief prayed by the movant. To this judgment plaintiff and the interpleaders, Mrs. Madeline D. Bobbitt and R. R. Davis, excepted and appealed to the Judge of Superior Court of Nash County.

Upon such appeal the cause came on to be heard before the Judge presiding at December Term 1954 of Nash County Superior Court. "The entire judgment roll in this proceeding was introduced and certain additional evidence was offered." And the Judge finds the following facts:

"1. The defendant, S. R. Allen, was at the time of the beginning of this action the owner of the land described in the complaint herein by virtue of a deed recorded in Nash County Registry, Book 200, at page 178, and said land was at said time listed for taxation in the name of S. R. Allen.

"2. The said S. R. Allen now is and all his life has been a resident of Franklin County, North Carolina, and was at the time of the beginning of this action living within twenty-five miles of Nashville, the County Seat of Nash County.

"3. The summons in this cause was not signed by the Clerk of the Superior Court or the Assistant Clerk of the Superior Court of Nash County. A blank space was left for said signature and under said space appears the following 'by John A. Daughtridge, Deputy Clerk of the Superior Court,' and the name of John A. Daughtridge was duly signed by said John A. Daughtridge, who was then an acting Deputy Clerk of the Superior Court of Nash County. The said summons was not personally served on S. R. Allen.

"4. The affidavit supporting the application for service of summons in this action is defective in that said affidavit fails to state that S. R. Allen could not, after due diligence be found in the State of North Carolina.

"5. An interlocutory order was entered on the 8th day of April 1940, by the Clerk of the Superior Court appointing J. P. Bunn and N. G. Lancaster as commissioners to sell the land described in the complaint to satisfy lien for taxes due and owing on said land according to law, and said Commissioners made a report to the court showing that they had sold the land on the 15th day of July, 1940, and that the plaintiff, Nash County, became the last and highest bidder for the same at the price of $125.00, and said Commissioners represented the price to be a fair and reasonable value for the land sold and recommended that the sale be confirmed. Final judgment was entered by the Clerk of the Superior Court on the 23rd day of September 1940, confirming the sale and deed was made by said commissioners to Nash County bearing date of September 25, 1940, filed for registration on the 3rd day of October 1940, and recorded in Book 455 at page 249, Nash County Registry.

"6. Nash County conveyed said land to W. N. Bobbitt and wife, Madeline D. Bobbitt, by deed dated the 11th day of June 1941, filed for registration on the 11th day of June 1941, and recorded in Book 464, at page 97, Nash County Registry. The said W. N. Bobbitt died on May 26, 1946. On February 25, 1947 Madeline D. Bobbitt, widow, executed and delivered a timber deed to Warrenton Box and Lumber Company for the timber located on said land, which deed was filed for registration on March 4, 1947, and recorded in Book 509, at page 435, Nash County Registry. Mrs. Madeline D. Bobbitt, widow, executed and delivered a deed to R. R. Davis conveying said land, dated February 25, 1947, and filed for registration on March 4, 1947, recorded in Book 509, at page 436, Nash County Registry."

(Appellants except to findings of fact 2, 3 and 4, their Exceptions 1, 2 and 3.)

Upon the foregoing findings of fact the court was "of the opinion that summons was never properly served in this action upon the defendant, S. R. Allen, and that the court did not get jurisdiction over the said S. R. Allen, and for that reason the interlocutory order and decree of confirmation referred to herein are void and of no effect."

The court thereupon "Ordered, Adjudged and Decreed that the said interlocutory order bearing date of April 8, 1940, and the final judgment confirming the sale of said land on September 23, 1940, are void in so far as they affect the interest of S. R. Allen in the land described in the complaint, and that the deed from J. P. Bunn and N. G. Lancaster, Commissioners, to Nash County, bearing date of September 25, 1940, recorded in Book 455, at page 249, Nash County Registry, is, subject to what is hereinafter said in respect to title by adverse possession, likewise void and of no effect in so far as said deed undertakes to convey the interest of S. R. Allen in said land.

"This judgment is not intended to and does not adjudicate the rights of any of the parties to this action, if there are any rights, which may arise under the statutes relating to the acquiring of title by adverse possession, and the adjudging that the Commissioners' deed referred to in this judgment is void is not intended to and does not bar any of the parties hereto from asserting their rights, if any they have, to title by adverse possession under color of title relying upon said deed.

"It was agreed that this judgment might be signed out of term and out of the county and the district at the convenience of the court."

(Appellants except to the above conclusion of law—their Exception 4.)

To the above judgment plaintiff, Nash County, and the interpleaders, Madeline D. Bobbitt and R. R. Davis, except (their Exceptions 5 and 6), and appeal to Supreme Court and assign error.

*James D. Gilliland for R. R. Davis.*
*Cooley & May for Madeline D. Bobbitt.*
*J. P. Bunn for Nash County,—appellants.*
*Beam & Beam and Malone & Malone for S. R. Allen, appellee.*

WINBORNE, J.   While appellants in their brief present nine questions as being involved on this appeal, the first elicits the determinative answer. The question: "Was the service of summons upon the defendant, S. R. Allen, by publication fatally defective?" The court held that it was, and, upon the record and facts found, we affirm.

Decisions of this Court uniformly hold that where service of summons is made by publication, the requirements of the statute must be strictly followed,—and that everything necessary to dispense with personal service of summons must appear by affidavit. An affidavit on which publications

is predicated is fatally defective in the absence of an allegation that the person on whom the summons is so served cannot, after due diligence be found within the State. Among these decisions are: *Wheeler v. Cobb* (1876), 75 N.C. 21, and *Commrs. of Roxboro v. Bumpass* (1951), 233 N.C. 190, 63 S.E. 2d 144. In the latter case *Barnhill, J.,* reviews and cites authorities in this State. Also in *Groce v. Groce* (1938), 214 N.C. 398, 199 S.E. 388, opinion by *Stacy, C. J.,* the pertinent cases are assembled. Likewise the decisions are listed in the Annotation 21 A.L.R. 2d 934 n.

Further rehashing of the rule would be merely repetitious. Hence the judgment below is

Affirmed.