SUSIE PATRICK v. JAMES PATRICK.

(Filed 12 December, 1956.)

1. **Judgments § 25—**

The Superior Court has jurisdiction of a motion in the cause to set aside a judgment on the ground that it was obtained and the court induced to assume jurisdiction by fraud upon the court intrinsic to the cause of action.

2. **Judgments § 26—**

Where the institution of a cause of action and the rendition of a decree therein is fraudulently concealed from defendant, his motion in the cause to set aside the judgment for intrinsic fraud made less than a month after his discovery of the decree is made in apt time.

3. **Abatement and Revival § 14—**

The court may vacate a decree of divorce on the ground of fraud even after complainant's death when property rights are involved.

4. **Judgments § 27e: Divorce and Alimony § 22—Findings held to support decree setting aside absolute divorce on the ground of fraud on the court.**

The evidence was to the effect that the wife obtained a decree of absolute divorce on the grounds of five years separation upon service by publication in accordance with the letter of the law then in effect, which did not provide service outside the State and did not require mailing notice to defendant's last known address. The evidence further tended to show that the husband was then working in another state but communicated with the wife regularly, sending her money and visiting her frequently, that thereafter she joined him in such other state, and that they then moved back to their home in North Carolina, where they lived together until her death, and that during the entire time she kept him in ignorance of the divorce, and that he did not discover that the decree had been entered until it was presented in support of a motion to oust him as administrator of her estate. *Held:* The evidence supports the court's finding that the wife, by means of the false allegations contained in her complaint, perpetrated a fraud upon

the court thereby causing the court to assume jurisdiction of defendant and grant the divorce decree, and judgment setting aside the divorce upon the husband's motion in the cause is affirmed.

**5. Process § 6—**

The purpose of service of process is to give notice and an opportunity to be heard, and, even though the letter of the law may be followed with respect to the affidavit for publication, when this method of service is not intended to give notice, but to conceal it, in accordance with a calculated effort on the part of plaintiff to keep actual notice from defendant, jurisdiction of defendant is not acquired.

JOHNSON, J., not sitting.

APPEAL by the administrator of the plaintiff from an order of *Bone, J.,* upon motion in the cause.

The essential facts necessary to an understanding of the case are set forth in the order entered by Judge Bone at the May, 1956 Term, Lenoir Superior Court, as follows:

"This cause comes on to be heard before the undersigned Judge presiding at this term upon motion in the cause by the defendant to set aside the Judgment of Absolute Divorce heretofore rendered at the April 1929 Term. After hearing the proof offered by both sides and the argument of counsel, the Court finds the following facts:

"1. That plaintiff and defendant were married to each other in the City of Philadelphia, State of Pennsylvania, on the 7th day of June 1907, and lived together in said City and State until about the year 1917, when they moved to the City of Kinston, North Carolina, and took up residence there.

"2. That no children were born to said marriage.

"3. That during the year 1923 the defendant obtained employment in the City of Philadelphia, State of Pennsylvania, and moved to that City and resided therein through the year 1930 while the plaintiff continued to live in Kinston, North Carolina.

"4. That between the years 1923 and 1930 plaintiff and defendant communicated with each other, defendant sent to the plaintiff money from time to time, and came back to Kinston on frequent visits to the plaintiff, remaining with her at times from a week to ten days.

"5. That on January 21, 1929 the plaintiff instituted this action and filed her complaint in which she alleged that the defendant abandoned her without just cause; that plaintiff and defendant had

lived separate and apart for five successive years and that plaintiff was the injured party, all of which said allegations were untrue.

"6. That plaintiff caused summons to be served upon defendant by publication, which in all respects complied with the laws of this State, and that at the April 1929 Term a judgment of absolute divorce was rendered in this action as appears of record.

"7. That about the year 1930 the plaintiff left Kinston, North Carolina, for the purpose of reuniting with the defendant, who was then living in the City of Philadelphia, State of Pennsylvania, and thereafter plaintiff and defendant returned to the City of Kinston, North Carolina, and there lived together for about ten years and until the time of the death of the plaintiff, which occurred on February 28, 1956.

"8. That on March 2, 1956, upon application of the defendant, the Clerk of the Superior Court of Lenoir County issued to him letters of administration upon the estate of the plaintiff, which said letters of administration were subsequently revoked and Henry Scott was appointed administrator of the estate of plaintiff. Thereafter defendant filed an account with the Clerk and turned over to the said Henry Scott, Administrator, all monies which had come into his hands as administrator of the estate of the plaintiff.

"9. That the defendant had no knowledge of the aforesaid judgment of Absolute Divorce, nor of the pendency of this action until on or about March 9th 1956.

"10. That the plaintiff, by means of the false allegations contained in her complaint, perpetrated a fraud upon the court, thereby causing the Court to exercise its jurisdiction and grant the said Judgment of Divorce.

"Now, THEREFORE, it is by the Court ORDERED, ADJUDGED AND DECREED:

"1. That the judgment of Absolute Divorce herein rendered at the April 1929 Term be, and the same is hereby set aside and declared void.

"2. That this action be dismissed from the docket."

From the foregoing order, the administrator of the plaintiff appealed.

*LaRoque & Allen and Lamar Jones for respondent, appellant.*
*Albert W. Cowper for defendant, appellee.*

HIGGINS, J.   The findings of fact by Judge Bone are abundantly supported by the evidence before him.   A number of neighbors testified the defendant, James Patrick, frequently visited his wife in Kinston between 1923 and 1929.   These visits lasted from a week to 10 days. The plaintiff's sister testified: "I am 81 years old—Susie Patrick was my sister and I visited her . . . as long as she lived except during the periods when Susie was living in Philadelphia. . . . To my knowledge Susie Patrick and her husband, James Patrick, were never separated but lived together as husband and wife from the time of their marriage until Susie Patrick's death in 1956."   She further testified she had never heard of any divorce until after Susie's death.

Another witness testified that from 1924 to 1928 she lived directly across the street from James and Susie Patrick; that in the Spring of 1925 James Patrick came to Kinston on visits and lived in the home with his wife.   He made numerous visits between 1925 and 1929.   Susie Patrick received letters from him.   The witness knew nothing of a divorce until Susie Patrick's death.   Other witnesses gave evidence of like import.

The administrator offered evidence of three persons who said they knew James and Susie Patrick.   They separated in 1923 and lived separate and apart until 1929 or 1930.   They knew of the divorce proceeding.   One of the witnesses testified she mailed a copy of the newspaper notice of the divorce proceeding to James Patrick.

The defendant stated under oath he knew nothing of the divorce proceeding until 9 March, 1956.

This appeal presents these questions of law:

1. Did the Superior Court of Lenoir County, on motion in the cause, have authority to set aside the divorce decree entered at its April Term, 1929?

2. Was the motion to set the decree aside timely made?

3. Do the facts found support Judge Bone's order setting aside the divorce decree?

Both *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227, and *Carpenter v. Carpenter,* 244 N.C. 286, 93 S.E. 2d 617, recognize the right of an injured party to seek relief by motion in the cause where service is by publication and lack of due notice deprives the party of an opportunity to be heard.   In the *Henderson case,* the Court said: "Moreover, if a judgment be obtained by means of a fraud practiced upon the court, the question may be raised by motion in the cause." In the *Carpenter case,* this Court said: "Where fraud on the court deprives the defendant of due process, that is, due notice and opportunity to defend, and hence of jurisdiction of the person of the defendant, the court, upon sufficient findings, will set aside the decree.   Upon motion in the cause, and upon sufficient findings of fact made by the

court incident to its determination thereof, the decree may be set aside."
*McLean v. McLean*, 233 N.C. 139, 63 S.E. 2d 138; *Bass v. Moore*, 229
N.C. 211, 49 S.E. 2d 391; *Hatley v. Hatley*, 202 N.C. 577, 163 S.E. 593;
*Fowler v. Fowler*, 190 N.C. 536, 130 S.E. 315.

The Superior Court has power, upon motion in the cause, to make
inquiry, to find facts, and to determine whether proper notice was
given affording an opportunity to be heard. If, therefore, in the original
divorce proceeding the plaintiff caused the court to assume jurisdiction
over the defendant when notice of the pendency of the action was
fraudulently concealed from him, the court had power to set the decree
aside, even though the letter of the law had been complied with by
publication of notice in a newspaper. The purpose of service of process
is to give notice and an opportunity to be heard. The letter of the law
may have been followed with respect to the affidavit for publication
and the notice itself, yet the composite of Judge Bone's findings shows
a calculated effort on the part of the plaintiff to keep actual notice
from James Patrick. When the method of service is not intended to
give notice, but to conceal it, jurisdiction of the defendant is not ac-
quired. In the *McLean case* this Court said: "The defendant presents
the view that not only was the service in this case invalid because not
reasonably calculated to give notice (*Mullane v. Central Hanover Bank
& Trust Co.*, 339 U.S. 306, 94 L. Ed. 865) but that the plaintiff's at-
tempt to secure a divorce by the means employed was a fraud upon the
court. The rule is that if a fraud is perpetrated on the court whereby
jurisdiction is apparently acquired, when jurisdiction is in fact lacking,
the judgment rendered therein is a nullity and may be vacated by
motion in the cause."

The court found the defendant knew nothing of the divorce decree
until 9 March, 1956, when it was presented to the clerk in support of
a motion to oust him as administrator of his wife's estate on the ground
he was not her husband. Twenty-five days after the notice the defend-
ant moved to set aside the divorce decree. He had the right thus to
proceed, even though the adverse party was dead. "By the weight of
authority, for the purpose of establishing property rights, the court
may vacate a decree, even after complainant's death, when it was
obtained by fraud, and imposition on the part of the complainant, or
without due service of process." *Fowler v. Fowler, supra; Poole v.
Poole*, 210 N.C. 536, 187 S.E. 777. In answer to question No. 2, we
hold the motion in the cause was properly and timely made.

The court's finding of fact No. 6, in the light of the other findings,
simply means the plaintiff filed an affidavit in due form, obtained an
order of publication and published the notice of her divorce action in a
local newspaper, and that she obtained an uncontested decree of

divorce. It must be conceded at that time the law did not provide for service outside the State and did not require mailing of a notice to the defendant's last known address. From the findings it must be concluded, however, the plaintiff had no cause for divorce on the grounds alleged (five years continuous separation). The husband was away at work, communicating with his wife, sending her money, visiting her frequently for a week or 10 days at a time. This course of conduct continued from the time he went to Philadelphia in 1923 until she joined him there in 1930. Thereafter they lived together in Philadelphia and Kinston until her death separated them in 1956. During that entire time she kept him in ignorance of the divorce. In fact, her conduct after she obtained the decree shows she did not consider herself bound by it. The divorce decree seems not to have influenced their lives in the slightest degree.

The facts found warranted the court in setting aside the divorce decree on the ground the court was fraudulently induced to assume jurisdiction over the person of the defendant when jurisdiction was not obtained by the method of service employed. Lack of notice denied the defendant the opportunity to appear and to defend. The order appealed from is

Affirmed.

JOHNSON, J., not sitting.

PARKER, J., concurs in result.