## MARY K. SHAVER v. FLOYD N. SHAVER

(Filed 9 April, 1958)

**1. Judgments § 20a—**

All judgments are *in fieri* during the term, and, except as to consent judgments, the trial court may open, modify or vacate of its own motion any judgment rendered during the term.

**2. Judgments § 27c—**

A judgment, which upon its face is void, may be vacated by the court *ex mero motu* at any time.

**3. Judgments § 20a—**

The trial court has the inherent power at any time, upon motion or *ex mero motu*, to amend judgments by correcting clerical errors or supplying defects so as to make the record speak the truth, but after the term, such power must be exercised with great caution and may not be extended to the correction of judicial errors so as to make the judgment different from that which was actually rendered.

**4. Judgments § 27d—**

A judgment which is regular upon the face of the record but irregular in fact requires evidence *aliunde* for impeachment and is voidable and not void, and ordinarily may be attacked only by motion in the cause made by a party to the action or persons in privity with a party, and strangers to the judgment or intermeddlers who have no justiciable grievance should not be permitted to assail the judgment.

**5. Judgments § 20a—**

   The trial court is without power, statutory or inherent, to initiate on its own motion proceedings to vacate an irregular voidable judgment after the lapse of the term at which it was rendered.

**6. Judgments § 24a—**

   A judgment regular upon the face of the record is presumed to be valid until the contrary is shown in a proper proceeding.

**7. Process 6—**

   An *amicus curiae* may not assume the place of a party in a legal action, and is not a competent person under G.S. 1-98.4 to make the jurisdictional affidavit for service by publication.

PARKER, J., dissenting.

APPEAL by plaintiff from *Bickett, J.,* Regular Judge holding the Courts of the Fourteenth Judicial District, at Chambers in the City of Durham, 6 September, 1957. From DURHAM.

*Haywood & Denny for plaintiff, appellant.*
*E. C. Bryson, Amicus Curiae.*

JOHNSON, J.  This is a proceeding initiated by the presiding Judge on his own motion for the purpose of opening a judgment of absolute divorce rendered at the May Term, 1946, of the Superior Court of Durham County in the case entitled "Mary K. Shaver v. Floyd N. Shaver." The cause was heard below on special appearance of the plaintiff, Mary K. Shaver (Carpenter), and motion to quash the attempted service of notice by publication on her.

This is the fourth appeal to this Court involving efforts to vacate the judgment of divorce.

In *Carpenter v. Carpenter,* 244 N.C. 286, 93 S.E. 2d 617, Stanley M. Carpenter, the second husband of Mary K. Shaver (Carpenter), instituted an action to have his marriage annulled on the ground that the divorce obtained by his wife was a nullity because of fraud and collusion practiced on the trial court by the parties to the divorce action. The plaintiff Carpenter alleged that the wife having sworn falsely in her pleadings and at the trial that she and her former husband had lived separate and apart for two years before the commencement of the divorce action, the court failed to acquire jurisdiction of the cause (G.S. 50-6), and that therefore the decree of divorce was void and of no effect. The Carpenter attack failed, however, because the alleged defects nowhere appeared on the face of the record; whereas all the necessary jurisdictional facts did appear of record, thus requiring evidence *aliunde* to establish Carpenter's allegations. This being so,

the judgment at most was voidable and not void. Accordingly, it was not subject to collateral attack by Carpenter in his independent action. Thus the Carpenter collateral attack failed.

Next, we had for consideration an appeal wherein Carpenter had moved directly in the Shaver v. Shaver cause to vacate the judgment on the same grounds alleged in his independent action. Both Shavers appeared specially and moved to dismiss on the ground that they had not been served properly with notice of the motion. The lower court overruled the motion. This Court noted that Carpenter, not being party or privy to the divorce action, was not a competent person to challenge the decree. The ruling below was reversed by this Court under *ex mero motu* application of the well established rule that strangers to the record ordinarily have no standing on which to base an application to vacate a judgment. *Shaver v. Shaver*, 244 N.C. 309, 93 S.E. 2d 614.

Carpenter's third effort to vacate the judgment was by a second motion in the Shaver v. Shaver cause, made while the proceedings involving his first motion were on appeal to this Court. After the appeal was taken, Carpenter through counsel moved in the cause that the trial court proceed upon its own motion to inquire into the validity of the judgment and declare it null and void. Again, attorneys for the Shavers appeared specially and moved to dismiss the Carpenter motion on the ground that the purported service of notice on them by publication, both of them being nonresidents of North Carolina, was invalid and that the court had not acquired jurisdiction over them, and hence that the court was without power to open the judgment. The motions to dismiss were overruled. Both defendants excepted and appealed to the Supreme Court. Notwithstanding the appeal, which rendered the court *functus officio* to deal further with the merits of the cause pending appeal, the presiding Judge entered an order citing the plaintiff, Mary K. Shaver (now known as Mary K. Carpenter and as Mrs. Stanley M. Carpenter), and the defendant, Floyd N. Shaver, to appear and show cause why the original judgment of divorce should not be declared null and void and vacated for alleged fraud and collusion practiced on the court by the Shavers. The court directed that notice of the show cause order be served on the original parties by publication. Again, they specially appeared by counsel and moved to quash the order and proceedings for want of jurisdiction of both parties and subject matter. The motions to dismiss were not ruled upon. The court proceeded to hear the matter, principally on *ex parte* affidavits presented to the court in Chambers by counsel previously appearing for Stanley M. Carpenter, then recognized by the court as appearing *amici curiae*. On the evidence presented, the trial court found facts and

entered judgment declaring the divorce judgment void *ab initio* and decreeing that it be vacated. On appeal to this Court, the judgment below was reversed. We did not reach the merits of the case. The reversal was rested on procedural grounds - that the trial court was *functus officio* to deal with the merits of the case pending appeal to this Court. *Shaver v. Shaver,* 244 N.C. 311, 93 S.E. 2d 615.

We come now to consider the fourth proceeding instituted for the purpose of vacating the judgment - the proceeding from which the instant appeal comes.

On 13 June, 1957, Judge Williams, then presiding over a criminal term of Superior Court, entered an order opening the original divorce case. The order, entered *ex mero motu* by Judge Williams, contains these recitals: (1) that a number of affidavits had been presented to the court by the district solicitor, alleging in gist that the plaintiff and the defendant did not live separate and apart during the two-year period before the commencement of the action as alleged in the complaint, but on the contrary, that the parties in fact lived together as man and wife during extended periods of time, both during 1944 and 1945; (2) that if the matters alleged in the affidavits are true, the allegations of the complaint in the divorce action and the admissions in the answer are false and were used by the parties for the purpose of perpetrating fraud and collusion on the court, in representing that they had lived separate and apart for the requisite two-year period, when in fact they had not, and that therefore the court never acquired jurisdiction of the divorce action, and the judgment entered therein is void and should be set aside; (3) that at the March, 1957, Term of Superior Court the grand jury returned a true bill charging the plaintiff, Mary K. Shaver (Carpenter), with the crime of bigamous cohabitation following her purported marriage to Stanley M. Carpenter after the entry of the foregoing judgment of divorce; (4) that the court is "of the opinion that the questions raised as to the validity of the judgment of divorce . . . , and as to whether a fraud has been perpetrated upon the court, should be resolved and set at rest . . .," but that the plaintiff and the defendant should be heard, or given an opportunity to appear before entering a final order as to the validity of the judgment. And thereupon it was ordered and decreed by the court that the plaintiff and the defendant appear before Judge Williams at the courthouse in Durham on 27 June, 1957, at 2:30 o'clock p.m., "or as soon thereafter as the matters can be heard, and show cause" why the judgment of divorce entered 27 May, 1946, should not be "vacated, set aside and declared null and void for failure of the court to acquire jurisdiction of the subject matter of the action." The order directed that a copy be served on the plaintiff and on the defendant.

The clerk's *fiat* directing the Sheriff of Durham County to serve the order on the plaintiff and defendant was returned with the notation that neither party, after diligent search, could be found in Durham County. Deputy Sheriff Mangum by separate affidavit stated that in his investigation and inquiry in trying to serve the order he learned that both parties resided outside of the State, the plaintiff, Mary K. Shaver, at 1269 Federal Drive, Montgomery, Alabama; and the defendant in Leesburg, Lake County, Florida.

On 28 June, 1957, during a term of criminal court, Judge Williams entered an order continuing the hearing until 5 September, 1957, and ordering that the plaintiff and the defendant be served by publication as provided by G.S. 1-99.2. On the same date, Judge Williams entered another order, finding that the assistance of counsel "in the further investigation and presentation of this matter" is necessary, and directed that E. C. Bryson, Esq., of the Durham Bar, be "appointed friend of the court to assist the court in the further investigation and presentation of this cause."

On 2 July, 1957, E. C. Bryson as friend of the court filed an affidavit pursuant to G.S. 1-98.4, alleging the facts in respect to the opening of the judgment by the entry of the order to show cause, and averring that, after due diligence, personal service of the order could not be had upon either the plaintiff or the defendant in the State of North Carolina. Based on this affidavit, the clerk entered an order directing that notice of the order to show cause be served on the plaintiff and the defendant by publication in the Durham Morning Herald, as provided by G.S. 1-99.2. Notice, directed to the plaintiff and to the defendant, in compliance with the provisions of the statute, was prepared and signed by the clerk, notifying them of the entry of the show cause order, and requiring them to appear before the Judge of the Superior Court on 5 September, 1957, and show cause why the judgment of divorce entered 27 May, 1946, should not be vacated and set aside. Printer's affidavit, in compliance with G.S. 1-102, was filed showing that the notice was published in the Durham Morning Herald for four successive weeks, beginning 4 July, 1957. The record also shows that copies of the order to show cause and all relevant orders, affidavits, and documents were mailed to the out-of-state addresses of the parties, and also to the firm of Haywood and Denny, attorneys, of Durham, who had appeared for the plaintiff in a prior motion in this cause (244 N.C. 309).

On 5 September, 1957, the matter came on for hearing before Judge Bickett, Judge holding the 2 September Civil Term of Court. Counsel for the plaintiff, Mary K. Shaver, filed a special appearance and motion to dismiss on the ground "that the court has not, in this pro-

ceedings, properly acquired jurisdiction over the person of the plaintiff," for that "the process under which acquisition of jurisdiction of the person of the plaintiff has been attempted is deficient, and the court does not have jurisdiction." At the hearing, all the orders, proceedings, and affidavits hereinbefore referred to were introduced in evidence by E. C. Bryson, friend of the court, and A. J. Gresham, Assistant Clerk of the Superior Court, testified that all papers, orders, and proceedings referred to had been duly filed in the office of the Clerk of the Superior Court as provided by G.S. 2-42.

Upon consideration of the evidence, and after argument of counsel, Judge Bickett overruled the motion to dismiss and entered an order decreeing that "both the plaintiff, Mary K. Shaver, and the defendant, Floyd N. Shaver, have been properly served with all process, and are properly and legally before the Court, . . ." To the foregoing ruling and order, the plaintiff excepted, and appealed.

The presiding Judge of the Superior Court may, within established limitations, open or vacate a judgment on his own motion. During a term of court, all judgments and orders are deemed to be *in fieri*. Therefore, during the term any judgment or order, except one entered by consent, ordinarily may be opened, modified or vacated by the court on its own motion. *Hoke v. Atlantic Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407; *Cook v. Telegraph Co.*, 150 N.C. 428, 64 S.E. 204. Also, a judgment which upon its face is void may be vacated by *ex mero motu* action of the judge at any time. *Deans v. Deans*, 241 N.C. 1, 84 S.E. 2d 321; *Mills v. Richardson*, 240 N.C. 187, 81 S.E. 2d 409; *Carter v. Rountree*, 109 N.C. 29, 13 S.E. 716; McIntosh, North Carolina Practice and Procedure, 2d Ed., Sec. 1713. See also 30A Am. Jur., Judgments, Sections 693 and 697. Furthermore, the court has inherent power to amend judgments by correcting clerical errors or supplying defects so as to make the record speak the truth. The correction of such errors is not limited to the term of court, but may be done at any time upon motion, or the court may on its own motion make the correction when such defect appears. *S. v. Maynor* and *Maynor v. Tart*, 226 N.C. 645, 39 S.E. 2d 833; *Strickland v. Strickland*, 95 N.C. 471; *S. v. Warren*, 95 N.C. 674; *Walton v. Pearson*, 85 N.C. 34. But this power to correct clerical errors and supply defects or omissions must be distinguished from the power of the court to modify or vacate an existing judgment. And the power to correct clerical errors after the lapse of the term must be exercised with great caution and may not be extended to the correction of judicial errors, so as to make the judgment different from what was actually rendered. *Bisanar v. Suttlemyre*, 193 N.C. 711, 138 S.E. 1; *Mann v. Mann*, 176 N.C. 353, 97 S.E. 175; *Creed v. Marshall*, 160 N.C. 394, 76 S.E. 270.

A judgment regular upon the face of the record, though irregular in fact, requires evidence *aliunde* for impeachment. Such a judgment is voidable and not void (*Carpenter v. Carpenter, supra* (244 N.C. 286); *Card v. Finch,* 142 N.C. 140, 54 S.E. 1009; McIntosh, North Carolina Practice and Procedure, 2d Ed., Sec. 1713), and may be opened or vacated after the end of the term only by due proceedings instituted by a proper person. *Moore v. Packer,* 174 N.C. 665, 94 S.E. 449; *Doyle v. Brown,* 72 N.C. 393; McIntosh, North Carolina Practice and Procedure, 2d Ed., Sec. 1715; 30A Am. Jur., Judgments, Sec. 713. The procedural remedy is by motion or petition in the cause and not by independent action. *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709; *Fowler v. Fowler,* 190 N.C. 536, 130 S.E. 315; McIntosh, North Carolina Practice and Procedure, 2d Ed., Sec. 1715; 30A Am. Jur., Judgments. Sec. 713. Ordinarily, the persons entitled to have an irregular voidable judgment opened or vacated are the parties thereto or persons in privity with them. *Shaver v. Shaver, supra* (244 N.C. 309); McIntosh, North Carolina Practice and Procedure, 2d Ed., Sec. 1715. See also 30A Am. Jur., Judgments, Sec. 747. In *Card v. Finch, supra* (142 N.C. 140) at p. 148, it is said: "Persons who are not parties or privies and do not, upon the record, appear to be affected, will not be heard upon a motion to vacate a judgment. They have no status in Court. No wrong has been done them *by the Court.*" If the parties and privies are content to permit a judgment to stand, considerations of sound public policy require that strangers to the record or intermeddlers who have no justiciable grievance to be righted should not be permitted to assail the judgment. *Shaver v. Shaver, supra;* 30A Am. Jur., Judgments, Sec. 643.

We know of no power, statutory or inherent, vested in the Superior Court which authorizes it to initiate on its own motion proceedings to set aside an irregular voidable judgment after the lapse of the term at which it was rendered.

In the instant case we have a judgment of more than ten years standing. It is regular upon its face. The Superior Court of Durham County was without power to initiate on its own motion proceedings to vacate the judgment. Rather, it was the duty of the court to indulge the legal presumption that the judgment is valid. A judgment regular upon the face of the record is presumed to be valid until the contrary is shown in a proper proceeding. G.S. 1-221; *Card v. Finch, supra;* McIntosh, North Carolina Practice and Procedure, 2d Ed., Sec. 1713.

Moreover, it is to be noted that an *amicus curiae* may not assume the place of a party in a legal action. Nor may he take over the management of a suit. And he has no right to institute proceedings therein.

He takes the case as he finds it. 3 C. J. S., p. 1049. It follows that the *amicus curiae* was not a competent person under G.S. 1-98.4 to make the jurisdictional affidavit for service by publication on the plaintiff, Mary K. Shaver. The affidavit made by him is a nullity. Without it, there was no valid service on Mary K. Shaver. Her motion to quash should have been allowed. *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314; *Nash County v. Allen,* 241 N.C. 543, 85 S.E. 2d 921; *Comrs. of Roxboro v. Bumpass,* 237 N.C. 143, 74 S.E. 2d 436.

We have given consideration to the argument made by the *amicus curiae* to the effect that the facts of this case take it out of the general rule which requires that a direct attack on a voidable judgment may be made only by a party or privy. We have considered his contention that the proceedings below were instituted by the presiding Judge, not in the interest of any individual but solely for the purpose of protecting from fraud and subversion the processes of the administration of justice. The *amicus curiae* says in his brief that "The integrity of the judicial process and the public welfare demand that there be a hearing of this matter on the merits . . ." On this premise the able *amicus curiae* reasons that the proceedings initiated by the court below should be approved and that the court-instigated investigation should be permitted to go forward to final hearing. We cannot accept the premise or the arguments based thereon. If this judgment of divorce is subject to attack by the *amicus curiae* appointed for that purpose, then other judgments, and any number of them, are subject to be attacked the same way. If we approve the appointment of this *amicus curiae* for the performance of the duties assigned him by the court, then other *amici curiae,* and any number of them, may be appointed in like cases to work over any number of divorce judgments of long standing, or any other judgments, for that matter, in which it is suspected that fraud was perpetrated on the court. The practice could lead to a serious weakening of the rule that a motion in the cause directly attacking a judgment may be made only by a party to the action or by one in privity with a party. Moreover, to approve the unprecedented procedure adopted below would be a step toward undermining the integrity of personal and property rights acquired on the faith of judicial proceedings, as well as the public interests involved in the finality and conclusiveness of judgments.

If in the instant case the "integrity of the judicial process" stands in need of vindication from alleged fraud and false swearing, the court and the district solicitor, acting as an officer of the court, have at their command criminal remedies by which the infractions may be ferreted out and punished. These criminal remedies would seem to furnish all the means of relief needed for adequate vindication of the

integrity of the Superior Court of Durham County.

The order appealed from is reversed. The cause will be remanded with direction that the order to show cause and all subsequent proceedings based thereon be vacated and set aside.

Reversed and Remanded.

PARKER, J., dissenting: The order to show cause made by Judge Williams of his own motion on 13 June 1957, a copy of which he ordered served upon the plaintiff and the defendant, reads in part as follows:

"There having been presented to the undersigned Clawson L. Williams, Judge presiding over the June 10, 1957 Criminal Term of the Superior Court of Durham County a number of affidavits by the Honorable W. H. Murdock, Solicitor, and the Court having examined said affidavits, said affidavits having stated and alleged that the plaintiff in this cause, Mary K. Shaver (later and now known as Mary K. Carpenter and as Mrs. Stanley M. Carpenter), and the defendant, Floyd N. Shaver, did in fact reside and live together as husband and wife for extended periods of time during 1944 and 1945 and were generally regarded by friends and acquaintances during such periods as living together as husband and wife; and it appearing further to the Court from the complaint, answer and judgment entered in the above cause that the plaintiff alleged and the defendant admitted that they had separated January 1, 1944, and had continued to live separate and apart thereafter, and at no time had resumed the marital relationship existing between them, and that the action for divorce a vinculo on the basis of two years' separation of the parties was instituted May 10, 1946; that an answer admitting all allegations of the complaint was filed by the defendant on May 18, 1946; and that judgment of absolute divorce was entered May 27, 1946; and it further appearing to the Court that if the matters and things alleged in the affidavits presented to the Court are true and correct, that the allegations of the complaint and the admissions of the answer are false and untrue, and have been employed for the purpose of perpetrating fraud and collusion upon the Superior Court of Durham County, and that the judgment of divorce a vinculo heretofore entered in this cause is void and of no effect and should be vacated and set aside for the reason that his Honor Henry A. Grady, Judge presiding of (sic) the May 1947 Civil Term of the Superior Court of Durham County, was without authority to enter said judgment, the said Court not having acquired jurisdiction of the subject matter of said action, the parties to said action not having lived separate and apart for two years next preceding the institution of the action as required by law, and it further appearing to the

Court at the March 1957 Term of Durham County Criminal Court the Grand Jury returned a true bill charging the said Mary K. Shaver (now known as Mary K. Carpenter and as Mrs. Stanley M. Carpenter) with the crime of bigamous cohabitation as the result of her purported marriage to Stanley M. Carpenter, and the Court, of its own motion, based upon the affidavits presented to it and upon the bill of indictment hereinbefore referred to, being of the opinion that the questions raised as to the validity of the judgment of divorce herein referred to, and as to whether a fraud has been perpetrated upon the Court, should be resolved and set at rest by the parties to said action, and it appearing to the Court that the plaintiff and defendant should be heard, or given an opportunity to appear, before entering a final order as to the validity of the judgment of divorce herein referred to."

The majority opinion states: "The record also shows that copies of the order to show cause and all relevant orders, affidavits, and documents were mailed to the out-of-state addresses of the parties, and also to the firm of Haywood and Denny, attorneys, of Durham, who had appeared for the plaintiff in a prior motion in this cause." Mary K. Shaver had full knowledge of the order to show cause, because Emery B. Denny, Jr. appeared for her in the lower court, and the firm of Haywood and Denny appear for her in this Court.

The record shows that on 14 June 1957 Judge Williams entered an order commanding that his order to show cause entered by him on 13 June 1957 be served on Floyd N. Shaver in Leesburg, Lake County, Florida. The record shows that this order was properly served on Floyd N. Shaver on 17 June 1957 by the Sheriff of Lake County, Florida.

Therefore, the record shows that Mary K. Shaver and Floyd N. Shaver had full knowledge of the order entered by Judge Williams of his own motion on 13 June 1957.

The common law conceded to all its courts the power to vacate its judgments. The Superior Court of North Carolina is a court of record of general jurisdiction, which also exercises equity jurisdiction. The power of the Superior Court to vacate its judgments, within proper limitations, is an inherent power vested in it, independent of statute, and it may be exercised by the Superior Court on its motion. *Fowler v. Fowler*, 190 N.C. 536, 130 S.E. 315; Freeman on Judgments, 5th Ed., Vol. I, Sec. 194; 49 C. J. S., Judgments, p. 478.

"The fact that a judgment was obtained through fraud or collusion is universally held to constitute a sufficient reason for opening or vacating such judgment either during or after the term at which it was rendered. . . . Fraud practiced on the court is always ground for vacating the judgment, as where the court is deceived or misled as to material

circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case has been fair." 49 C.J.S., Judgments, Sec. 269. The rationale of the rule is that a court of justice necessarily has the inherent power of its own motion to keep its records clear of fraud or collusion practiced upon the court itself.

I realize that it seems to be the prevailing rule that the authority of a court to set aside a judgment for fraud after the term at which the judgment was entered is usually limited to cases where the fraud was extrinsic and collateral to the matter tried, and not a matter at issue in the trial. 49 C.J.S., Judgments, Sec. 269; Freeman on Judgments, 5th Ed., Sec. 233.

Judge Williams' order to show cause was based on the alleged grounds of fraud and collusion. The term "collusion," as applied to divorce proceedings, has been accurately defined to be "an agreement between a husband and wife to procure a judgment dissolving the marriage contract, which judgment, if the facts were known, the court would not grant." *Doeme v. Doeme,* 96 App. Div. 284, 89 N. Y. Supp. 215. Collusion in a divorce case is a particular type of fraud, perpetrated not upon the other spouse, but upon the court itself before whom the divorce is sought.

The question of collusion in this divorce case was extrinsic and collateral to the matter tried, and was not a matter at issue in the trial. If it should be considered that the decision in *Carpenter v. Carpenter,* 244 N.C. 286, 93 S.E. 2d 617, bars the Superior Court of Durham County of its own motion from proceeding to investigate the question as to whether the divorce was procured by fraud which was at issue in the trial, it does not preclude that court of its own motion from investigating and determining whether the divorce decree was procured by collusion of the parties perpetrated upon the court itself.

The State has an interest in the proper maintenance of the marital status of its citizens, and public policy forbids that the parties shall enter into any collusion to bring about a judicial dissolution of their marriage. Collusion between the parties to a divorce proceeding will ordinarily bar the granting of a decree of divorce. See Annotations in 2 A. L. R., pp. 712-714 and 109 A. L. R., pp. 848-849, where many cases are cited.

One group of cases hold that for reasons of public policy the courts will exercise their power and set aside a divorce decree, if collusion is clearly proved, and if proper application for relief is seasonably made. These courts stress the fact that relief is granted because of the interest of the state in suits for divorce, and not for the sake of

the equally guilty parties. Other courts in a number of collusion cases have refused to grant relief in accord with the equitable principle that one who was himself a party to the collusion is not entitled to have it set aside for collusion. These cases where relief is granted and relief is denied are cited in Annotations 157 A. L. R., pp. 76-79, 9. Collusion as fraud, and 22 A. L. R. 2d pp. 1333-1334, 18. Collusion as fraud. See also Annotations 2 A. L. R., pp. 714-717, and 109 A. L. R., pp. 849-854, as to vacation of a divorce decree for collusion at the instance of a party guilty of collusion.

In this proceeding the Superior Court below was not acting upon application of any person, but was acting of its own motion to ascertain if the divorce decree obtained in this case had been procured by fraud or collusion perpetrated by the parties upon the court itself. In my opinion, the Superior Court of Durham County has the inherent power of its own motion to hear and determine whether in rendering this divorce decree it did so because of collusion practiced by the parties upon the court itself, and that in doing it, it is acting to preserve the purity of its proceedings, and in the interests of the state, which is concerned with the preservation of the marriage relations of its citizens, and the court of its own motion is not precluded from doing so by the power of the criminal law to punish, if the criminal law has been violated.

The Supreme Court of the United States, in an opinion by Mr. Justice Holmes, said in *Michigan Trust Co. v. Ferry* 228 U.S. 346, 57 L. Ed. 867: "Ordinarily jurisdiction over a person is based on the power of the sovereign asserting it to seize that person and imprison him to await the sovereign's pleasure. But when that power exists and is asserted by service at the beginning of a cause, or if the party submits to the jurisdiction in whatever form may be required, we dispense with the necessity of maintaining the physical power, and attribute the same force to the judgment or decree whether the party remain within the jurisdiction or not. This is one of the decencies of civilization that no one would dispute. It applies to Article 4, Section 1, of the Constitution, so that if a judicial proceeding is begun with jurisdiction over the person of the party concerned, it is within the power of a state to bind him by every subsequent order in the cause."

I think that the Superior Court of Durham County had jurisdiction over the parties in the order to show cause entered by the court of its own motion. The parties had full knowledge of the order to show cause. I vote to affirm Judge Bickett's order. I do not agree with the statement in the majority opinion directing "that the order to show cause and all subsequent proceedings based thereon be vacated and set aside."

SLOAN v. LIGHT CO.

In *Patrick v. Patrick,* 245 N.C. 195, 95 S.E. 2d 585, this Court affirmed an order of the Superior Court of Lenoir County entered at the May Term 1956 setting aside and declaring void a judgment of absolute divorce entered at the April Term 1929.

In my opinion, the order to show cause entered by the court of its own motion should be heard on its merits to determine whether the divorce decree was obtained by collusion between the parties perpetrated upon the court itself. If the order to show cause should be permitted by this Court to be heard on its merits on collusion, and if the divorce decree were vacated, we have full power to review the judgment of the court below.