MAURICE H. EDWARDS, JR. v. CECELIA BYERS EDWARDS

No. 7127DC603

(Filed 15 December 1971)

Rules of Civil Procedure § 4; Process § 10— service by publication — filing of affidavit showing circumstances of publication

> Where service of summons is made by publication, the plaintiff must file an affidavit specifically alleging that the statutory notice of publication has been mailed or, in the alternative, that the defendant's dwelling house is unknown and cannot with due diligence be ascertained; failure to file the affidavit constitutes a defective service of process. G.S. 1A-1, Rule 4(j)(9)(c).

APPEAL by defendant from Mull, Judge, 24 May 1971 Session of District Court, GASTON County.

On 21 August 1970, plaintiff filed a complaint for absolute divorce and custody of the child of plaintiff and defendant, alleging that the "defendant has temporarily left the State of North Carolina and remains, to the plaintiff and (sic) is informed and believes and so alleges, in the City of Salt Lake, Utah, but that otherwise whereabouts of the defendant are presently unknown to the plaintiff." Plaintiff alleged that there was pending in the District Court of Gaston County an action entitled "Cecelia Byers Edwards v. Maurice Edwards, Jr." and requested that all pleadings and orders in that action be "incorporated in this paragraph as if fully set out herein." There-

after notice of service by publication was published in the Mount Holly News and affidavit of publication was filed with the court. On 12 October 1970 judgment was entered granting plaintiff an absolute divorce and awarding custody of the child to the plaintiff. An additional judgment was entered the same day finding facts (apparently from pleadings and orders in the prior action) relating to the custody of the child and awarding sole custody to plaintiff. On 18 December 1970 defendant, through counsel and by special appearance, moved that the divorce decree and judgment pertaining to custody be declared null and void for failure to secure proper service of process on defendant. Plaintiff answered the motion and attached thereto copies of all pleadings and orders in the previous action between the parties. Hearing on defendant's motion was had and the court entered an order, again finding facts from the pleadings in the pending action, and denied the motion. Defendant appealed, assigning as error certain of the findings of fact and the entry of the order denying her motion.

*Joseph B. Roberts III for plaintiff appellee.*

*Hollowell, Stott and Hollowell, by Grady B. Stott, for defendant appellant.*

MORRIS, Judge.

The primary question presented by this appeal is whether the court lacked jurisdiction over the defendant for failure of plaintiff properly to obtain service of process on defendant.

The summons issued was returned by the sheriff bearing only the notation "Not to be found." Upon this return, plaintiff proceeded to attempt to obtain service by publication. Defendant concedes that this is a case in which service by publication can be had.

G.S. 1A-1, Rule 4(j)(9)(c) provides:

"Service by publication—A party subject to service of process under this subsection (9) may be served by publication whenever the party's address, whereabouts, dwelling house or usual place of abode is unknown *and cannot with due diligence be ascertained, or there has been a diligent but unsuccessful attempt to serve the party under either paragraph a or under paragraph b or under paragraphs a*

*and b of this subsection (9). . . . * If the party's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the party at or immediately prior to the first publication a copy of the notice of service of process by publication. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence. *Upon completion of such service there shall be filed with the court an affidavit showing the publication and mailing in accordance with the requirements of G.S. 1-75.10(2) and the circumstances warranting the use of service by publication."* (Emphasis supplied.)

"Service of process by publication is in derogation of the common law. Statutes authorizing it, therefore, are strictly construed, both as grants of authority and in determining whether service has been made in conformity with the statute. (Citations omitted.)" *Harrison v. Hanvey,* 265 N.C. 243, 247, 143 S.E. 2d 593, 596 (1965).

Prior to repeal by the 1971 General Assembly, G.S. 1-98.1 through G.S. 1-99.4 provided for service of process by publication or service of process outside the State. The procedure to effectuate that type of service, G.S. 1-98.4, provided that in order to secure an order for service of process by publication or service of process outside the State, the applicant had to file either by verified pleading or by separate affidavit a sworn statement stating, among other things, "that after due diligence, personal service cannot be had within the State."

Our Supreme Court has repeatedly held that failure to comply with the statute was fatal. In *Nash County v. Allen,* 241 N.C. 543, 85 S.E. 2d 921 (1955), Justice Winborne (later C.J.) referred to *Commissioners of Roxboro v. Bumpass,* 233 N.C. 190, 63 S.E. 2d 144 (1951), wherein Justice Barnhill reviewed and cited the authorities in this State. In *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314 (1957), Johnson, J., said:

"It thus appears that the trial judge erred in dismissing the action after verdict on the ground of insufficiency of the evidence to support the verdict. However, the error seems to be immaterial. This is so because of a fatal defect of jurisdiction appearing on the face of the record. The complaint alleges that the defendant is a resident of Lewistown, Pennsylvania. The transcript discloses pur-

ported service of summons upon the defendant by the Sheriff of Mifflin County, Pennsylvania. However, nowhere in the record is there a sworn statement or affidavit 'That, after due diligence, personal service cannot be had within the state,' as required by Chapter 919, Section 1, Session Laws of 1953, now codified in pertinent part as G.S. 1-98.4(a)(3). Compliance with this statute is mandatory. The affidavit or sworn statement is jurisdictional. Without it, service outside the State is ineffectual to bring the defendant into court. See *Nash County v. Allen,* 241 N.C. 543, 85 S.E. 2d 921; *Groce v. Groce,* 214 N.C. 398, 199 S.E. 388; *Denton v. Vassiliades,* 212 N.C. 513, 193 S.E. 737."

It is true that G.S. 1A-1, Rule 4, does not require an order of publication supported by an affidavit. However, in order to utilize service of process by publication under this statute it is necessary that plaintiff file with the court an affidavit showing the "circumstances warranting the use of service by publication." Among those circumstances, as specifically set out in the statute, is when the defendant's dwelling house or usual place of abode is unknown and cannot *with due diligence be ascertained.* See 5 Wake Forest Intramural Law Review 46, 65, Jurisdiction and Process, Ralph M. Stockton, Jr. (1968), where the author commented that Rule 4(j), which contains the section providing for service by publication, contains eight subsections and sets forth in detail the specific manner of service of process in various types of actions and under various circumstances. He commented further: "The section is tied closely to the new jurisdiction statute, G.S. 1-75.1 et seq., and the two are complementary to one another. While the jurisdiction statute greatly liberalizes the grounds for jurisdiction, the rules regarding service of process are tightened to insure as much as possible that the defendant receives actual notice of the controversy."

Here the record clearly shows that plaintiff failed to comply with the statute not only in failing to file the affidavit required by G.S. 1A-1, Rule 4(j)(9)(c), but in failing to file affidavit that notice of publication had been mailed as required by statute or in the alternative, a showing that reasonable diligence had been exercised, without success, to determine defendant's post office address.

Since service of process was not completed at the time of the rendition of the judgment herein, the judgment was improvidently entered and must be set aside.

Reversed.

Judges PARKER and GRAHAM concur.