O'NEAL v. O'NEAL

[226 N.C. App. 71 (2013)]

―――――――――

PAMELA LYNN BRINN O'NEAL, Plaintiff
v.
ADAM WAYNE O'NEAL, Defendant

No. COA12-715

Filed 19 March 2013

**Pleadings—Rule 11 sanctions—motion to recuse—amended motion—not well grounded in fact**

The trial court did not err in a child custody, child support, post-separation support, alimony, and equitable distribution case by concluding that plaintiff wife violated N.C.G.S. § 1A-1, Rule 11(a) when her motion to recuse and amended motion were not well grounded in fact, warranted by law, or asserted for a proper purpose. The case was remanded for further findings on the issue of the extent of the sanction.

Appeal by plaintiff's attorney from order entered 7 October 2011 by Judge Shelly S. Holt in Pitt County District Court. Heard in the Court of Appeals 9 January 2013.

*Jonathan McGirt and Sandlin & Davidian, PA, by Deborah Sandlin for appellant Cynthia A. Mills.*

*Ward and Smith, P.A., by John M. Martin, for defendant-appellee.*

*Pritchett & Burch, PLLC, by Lloyd C. Smith, Jr., for plaintiff-appellee.*

O'NEAL v. O'NEAL

[226 N.C. App. 71 (2013)]

BRYANT, Judge.

Where the trial court's findings of fact and conclusions of law support its order for Rule 11 sanctions against plaintiff's attorney, we affirm the order of the trial court. However, where the record is insufficient to show how the trial court arrived at the amount of attorneys' fees, we reverse and remand for further findings.

### Facts and Procedural History

Plaintiff Pamela Lynn Brinn O'Neal and defendant Adam Wayne O'Neal were married in 1995 and separated in 2009. In May 2009, plaintiff filed a complaint in Beaufort County District Court against defendant for child custody, child support, post-separation support, alimony, and equitable distribution. At the time of the filing of the complaint, plaintiff was represented by Ann H. Barnhill of Mattox, Davis, Barnhill & Edwards, P.A.

In July 2009, the case was transferred to Pitt County District Court and the Honorable P. Gwynett Hilburn was assigned to preside over the action. On 3 December 2009, Cynthia A. Mills of Mills & Economos, L.L.P., entered a notice of appearance on behalf of plaintiff and on 18 December 2009, Ann H. Barnhill was allowed to withdraw as plaintiff's attorney of record.

On 2 March 2011, plaintiff, through Ms. Mills, filed a motion to recuse Judge Hilburn pursuant to Canon 3(C)(1)(a) of the Code of Judicial Conduct. Lloyd C. Smith, Jr., of Pritchett & Burch, PLLC, filed a notice of limited appearance on behalf of plaintiff, limited to matters related to the 2 March 2011 motion to recuse.

On 22 March 2011, defendant filed a motion for sanctions against Ms. Mills pursuant to Rule 11(a) of the North Carolina Rules of Civil Procedure. The motion for sanctions argued that plaintiff's motion to recuse was not well grounded in fact, was not warranted by existing law or a good faith argument or the extension of existing law, and was interposed for an improper purpose.

On 28 March 2011, plaintiff filed an amended and supplemental motion to recuse. On 30 March 2011, defendant filed a motion for Rule 11(a) sanctions against Ms. Mills for the filing of plaintiff's amended and supplemental motion to recuse.

Following a hearing, the trial court entered an order on 7 October 2011, concluding the following:

O'NEAL v. O'NEAL

[226 N.C. App. 71 (2013)]

2. The Motion to Recuse and Amended Motion should be dismissed with prejudice.

3. . . . [T]he material and relevant allegations set forth in the Motion to Recuse and the Amended Motion are not based on reasonable inquiry or investigation, were not well grounded in fact, and were not warranted by existing law or good faith argument for the extension, modification or reversal of existing law. The Motion to Recuse and Amended and Supplemental Motion to Recuse were asserted by Ms. Mills for an improper purpose.

4. Ms. Mills has violated Rule 11(a) of the North Carolina Rules of Civil Procedure.

5. Pursuant to Rule 11(a) . . . , the Court should, in its discretion, impose appropriate sanctions. The Court finds that appropriate sanctions based upon the facts are the payment of counsel fees and the costs incurred by the Administrative Office of the Courts for fees resulting from the assignment of the out-of-district judge to hear the Motions.

6. Ms. Mills has violated Rule 3.3 of the Rules of Professional Conduct.

7. In the discretion of Court, the sanctions imposed including the amount of attorneys' fees and costs awarded below, are reasonable and fair under the circumstances.

The court ordered Ms. Mills to pay the law firm of Ward and Smith, P.A., as attorneys' fees the sum of $2,500.00 and $400.00 to the Administrative Office of the Courts. From this order, Ms. Mills appeals.

---

Ms. Mills' sole argument on appeal is that the trial court erred in concluding that she violated Rule 11(a) of the North Carolina Rules of Civil Procedure.

*Standard of Review*

This Court exercises de novo review of the question of whether to impose Rule 11 sanctions. . . . When reviewing the decision of a trial court to impose sanctions under Rule 11, an appellate court must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported

O'NEAL v. O'NEAL

[226 N.C. App. 71 (2013)]

by the findings of fact, and whether the conclusions of law support the judgment.

*Fatta v. M & M Properties Management, Inc.*, __ N.C. App. __, __, 735 S.E.2d 836, 842 (2012) (citations omitted).

## A. Quantum of Proof

First, Ms. Mills argues that because the policy and purpose of Rule 11(a) conflicts with that of Canon 3, subsection C, of the North Carolina Code of Judicial Conduct[1], our Court should

> adopt a standard that allows the imposition of Rule 11 sanctions related to motions to recuse if, and only if, the motion to recuse is shown by clear and convincing evidence to have been filed for an improper purpose (such as delay) or is shown to have absolutely no factual basis[.]

We disagree.

Our Court has previously rejected this argument. In *Adams v. Bank United of Tex. FSB*, 167 N.C. App. 395, 606 S.E.2d 149 (2004), the appellant argued that "the movant should be required to prove a Rule 11 violation by a clear and convincing evidence quantum of proof." *Id.* at 399, 606 S.E.2d at 153. Our Court rejected the appellant's argument and held that

> in North Carolina, a preponderance of the evidence quantum of proof applies in civil cases unless a different standard has been adopted by our General Assembly or approved by our Supreme Court. . . . In those instances where a different standard has been adopted by case law, it was pursuant to an opinion by our Supreme Court. A different standard for Rule 11 motions has not been adopted and we have found no instances where this Court has imposed a different standard on its own. . . . Thus, we conclude the preponderance of the evidence quantum of proof should be utilized in determining whether a Rule 11 violation has occurred.

*Id.* at 402, 606 S.E.2d at 154 (citation omitted).

---

1. "The Code of Judicial Conduct provides in pertinent part: (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party[.]" Code of Judicial Conduct, Canon 3(C)(1)(a) (1993).

Based on the foregoing, Ms. Mills' argument is overruled.

B. Imposition of Sanctions

Next, Ms. Mills argues that the trial court erred by concluding that she violated Rule 11(a) when her motion to recuse and amended motion were not well grounded in fact, warranted by law, or asserted for an improper purpose.

Pursuant to Rule 11(a) of the North Carolina Rules of Civil Procedure,

> [e]very pleading, motion, and other paper of a party repre-sented by an attorney shall be signed by at least one attor-ney of record in his individual name, whose address shall be stated. . . . The signature of an attorney or party con-stitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnec-essary delay or needless increase in the cost of litigation.

N.C. Gen. Stat. § 1A-1, Rule 11(a) (2011). "There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. A violation of any one of these requirements *mandates* the im-position of sanctions under Rule 11." *Batlle v. Sabates*, 198 N.C. App. 407, 425, 681 S.E.2d 788, 800 (2009) (citation omitted) (emphasis added).

Because Ms. Mills does not challenge any of the findings of fact, they are binding on appeal and we will examine whether the trial court's findings support its conclusions of law and whether those conclusions of law support the Rule 11 sanctions. "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be sup-ported by competent evidence and is binding on appeal." *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991) (citation omitted).

"In analyzing whether the [motion] meets the factual certification re-quirement, the court must make the following determinations: (1) wheth-er the [party] took a reasonable inquiry into the facts and (2) whether the [party], after reviewing the results of his inquiry, reasonably believed that his position was well-grounded in fact." *McClerin v. R-M Indus.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995) (citation omitted).

Here, Ms. Mills' motion to recuse alleged the following:

6. At that Settlement Conference the Honorable P. Gwynett Hilburn [(Judge Hilburn)]

> a. Objected to the undersigned not being personally at the hearing despite the presence of a licensed attorney from Mills & Bryant, LLP.

> b. Required Plaintiff, but not Defendant, to make a settlement proposal by a set date of February 28, 2011.

> c. Did not provide any mechanism or date for Defendant to respond to said proposal.

> d. Required the undersigned to be personally present at future proceedings.

7. Said conduct raises the appearance that [Judge Hilburn] has a predetermined belief that Plaintiff is responsible for the failure of the parties to resolve this matter, and that as a result Plaintiff's positions must be unreasonable.

8. acting as a mediator attempting to force the Plaintiff to make concessions rather than as an impartial arbiter in this action.

9. Plaintiff has a reasonable question concerning the impartiality of [Judge Hilburn] as a result of said conduct.

10. This conduct causes an appearance of impropriety which is detrimental to the integrity of the Judicial System.

11. The undersigned sought guidance from the Judicial Standards Commission and as a result of these consultations believes [Judge Hilburn] should recuse herself from further proceedings in this action.

A thorough review of the record indicates that the following findings support the trial court's conclusion that Ms. Mills' motion to recuse and amended motion were not well grounded in fact:

> 8. None of the credible evidence supports the material allegations or conclusions made by Ms. Mills in the Motion to Recuse.

> 9. On November 2, 2010, a pre-trial conference was scheduled in the above action. Every Court Calendar issued

by the Family Court in Pitt County for each session contains a Court directive printed in bold letters which reads "PARTIES AND ATTORNEYS ARE EXPECTED TO BE IN THE COURTROOM AT THE TIME SPECIFIED FOR THE CASE UNLESS OTHERWISE EXCUSED BY THE COURT."

10. Rule 7.1 of the Family Court Domestic Rules for Judicial District 3A states, in part as follows:

> 7.1 Participation and Purpose. Attendance at pretrial conferences is <u>mandatory for all attorneys of record and all parties</u>. The purpose of a pre-trial conference is to assist the attorney, or parties, . . . to set deadlines for completion of discovery, to seriously explore the prospects of settlement of the case. . . . (emphasis added)

Ms. Mills was listed on the November 2, 2010 Court Calendar as attorney of record for the Plaintiff and Mr. Martin was listed as attorney of record for the Defendant. Therefore, pursuant to the published calendar and Rule 7.1, Ms. Mills, Mr. Martin, and the parties were to be present for the scheduled pre-trial conference on November 2, 2010.

. . .

13. Judge Hilburn . . . continued the pre-trial conference to February 14, 2011. . . .

. . .

20. At no time prior to the February 14, 2011 pre-trial conference did Ms. Mills make any attempt, orally or in writing, to notify Judge Hilburn . . . that she would not be present for the pre-trial conference. According to her testimony, Ms. Mills elected not to attend the pre-trial conference because she had to meet with her contractor who was doing some renovations on her home. Ms. Mills was not only aware of the Court directive on the Court Calendar but was also aware of the requirement of attendance and purpose of Rule 7.1[.]

21. . . . Judge Hilburn admonished Ms. Mills (although she was not present) for not attending the pre-trial conference. . . .

22. At no time during her participation in this pre-trial conference did Judge Hilburn instruct or order the Plaintiff or Defendant to make a settlement proposal, and she did not take part in any discussions as to when a settlement proposal would be made or who would make any such proposal.

. . .

24. The Order clearly gave the parties the ability to make a settlement proposal by February 28. It also provided a mechanism for the other party to respond because a settlement conference was scheduled on March 2 (within 48 hours of February 28) at which time the other party would be responding to any settlement proposal. . . .

25. The Order does not single out Ms. Mills as requiring her to be personally present at future proceedings. Rather the Order clearly indicates that "everyone involved shall be present." . . .

26. . . . Notwithstanding Ms. Mills' allegations in the Motion to Recuse, there was no evidence offered at the hearing that at any point in time did Judge Hilburn seek to attempt to mediate this case or to force either Plaintiff or Defendant to make any type of concessions. In fact, Judge Hilburn did not engage in either of these alleged activities.

27. No reasonable person could conclude that anything occurred at the pre-trial conference which would even give the appearance that Judge Hilburn was biased against either party or which would allow anyone to question Judge Hilburn's impartiality. . . .

. . .

30. . . . It was entirely appropriate for Judge Hilburn to admonish Ms. Mills at the pre-trial conference for her violation of the Court's directive and Rule 7.1

Based on the foregoing, we hold that the trial court's findings of fact are sufficient to conclude that Ms. Mills' motion to recuse and amended motion did not meet the factual sufficiency requirement of Rule 11(a). Because we hold that the record supports the conclusion that Ms. Mills

violated the requirements under the factual sufficiency prong of a Rule 11(a) analysis, we find it unnecessary to address either of the other two prongs. *See Battlle*, supra. Thus, the trial court did not err in imposing sanctions pursuant to Rule 11. Ms. Mills' argument is overruled.

### Defendant's Writ of Certiorari

On order of the Court on 9 January 2013, we allowed defendant's petition for writ of certiorari to review the portion of the 4 October 2011 Order awarding attorneys' fees. Defendant contends the trial court erred with respect to the amount of sanctions imposed. Defendant argues that the trial court erred in awarding $2,500.00 in attorneys' fees when it was "required to explain *why* it chose the particular dollar amount of sanctions awarded." We agree.

When reviewing the amount or type of sanctions imposed under Rule 11, we apply an abuse of discretion standard. *Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989) (citation omitted). "A trial court, in making an award of attorneys' fees [pursuant to Rule 11], must explain why the particular award is appropriate and how the court arrived at the particular amount." *Dunn v. Canoy*, 180 N.C. App. 30, 49, 636 S.E.2d 243, 255 (2006).

Here, the trial court found that as a result of the filing of the motion to recuse and amended motion, defendant had incurred legal fees for services that required extensive time and effort. The trial court also made a finding of fact "[t]he hourly rates . . . are reasonable and customary for similarly situated attorneys based on the training, and experience of [defendant's counsel], and the hourly rates . . . charged by the paralegal are reasonable and customary rates for similarly situated paralegals." Further, the trial court made a finding of fact that the total amount of fees incurred by defendant, which amounted to $20,993.75, were reasonable under the circumstances. The trial court concluded that the amount of attorneys' fees awarded were "reasonable and fair under the circumstances." The trial court then awarded attorneys' fees in the amount of $2,500.00.

Although the 4 October 2011 order explains *why* the particular award is appropriate, it fails to explain how the trial court arrived at the much-reduced figure of $2,500.00 after determining that fees in the amount of $20,993.75 were incurred as a result of the motion to recuse and amended motion. *See Id.* at 50, 636 S.E.2d at 255-56 (stating that "there must still be findings to explain . . . *how* the court arrived at that figure [of attorneys' fees]." (emphasis added)).

We, therefore, affirm the trial court's imposition of sanctions against Ms. Mills. We remand, however, for further findings on the issue of the extent of the sanction.

Affirmed in part; reversed and remanded in part.

Judges CALABRIA and GEER concur.